ADAM MANNS, ADMINISTRATOR, &c., OF JOHN HEIBER, DECEASED, v. A. E. SANFORD COMPANY, A CORPORATION.

Submitted July 6, 1911—Decided November 13, 1911.

By the Death act (*Gen. Stat.*, *p.* 1188) the legislature has constituted the personal representative *magister litis*, and as such he may, in his judgment in good faith, release or compromise the cause of action before suit brought, and after it has been instituted, he will control the litigation, and may, acting without fraud, settle and discontinue it.

On demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and VOORHEES.

For the demurrant, *William A. Lord.*

For the defendant, *Lindabury, Depue & Faulks.*

The opinion of the court was delivered by

VOORHEES, J. The plaintiff, as administrator, sued for pecuniary damages for the death of his intestate under the statute.

The defendant, in addition to the plea of general issue, has pleaded in substance that on the 25th of July, 1910, at the special instance and request of the next of kin of the decedent, the plaintiff obtained letters of administration of the decedent's estate from the surrogate of Essex county, and that on the same day, by his written release duly sealed, the plaintiff individually and as administrator released the defendant from all causes of action which, against the defendant, the plaintiff individually and as administrator of the estate of the decedent ever had, &c., and particularly of and from all claims for damage that might accrue to the plaintiff individually and as administrator, by reason of the death of the said decedent, as a result of an accident while employed by the defendant.

To this plea the plaintiff has demurred, alleging as grounds of demurrer—*first,* that the release in its form does not bar the bringing of the action, because the action is not brought by the plaintiff for himself individually, nor as the representative of the decedent's estate, but on behalf of the next of kin; *secondly,* that the next of kin did not join in the release, and *thirdly,* generally, that the matters in the plea are insufficient to bar the action.

The question of fraud is not raised by the pleadings, but the point is directly made that the release is ineffectual, unless the next of kin entitled to the proceeds of the recovery join in it.

The theory of the demurrant, and the argument which he advances, is that the action is purely statutory, and the administrator's right to sue rests entirely upon it. *Bretthauer* v. *Jacobson,* 50 *Vroom* 223. It is solely for the benefit of the next of kin and a right vested in them (*McKeerring* v. *Pennsylvania Railroad,* 36 *Id.* 57), and the recovery is wholly for

their benefit and not divested by the death of the beneficiary (*Cooper* v. *Shore Electric Co.,* 34 *Id.* 558), and that the administrator receiving the proceeds of a suit becomes a mere trustee for its distribution to the next of kin, as pointed out by the statute. *Gottlieb* v. *North Jersey Street Railway,* 43 *Id.* 480.

That an executor or administrator ordinarily can release or compromise a cause of action accruing to his decedent, or to the estate after his principal's death, is settled (*Rogers* v. *Hann,* 12 *Stew. Eq.* 270; *Meeker* v. *Vanderveer,* 3 *Gr.* 392); and an administrator suing in virtue of the Death act has been recognized as an ordinary representative, to the extent of not being liable for costs. *Kinney* v. *Central Railroad,* 5 *Vroom* 273.

This action the statute declares shall be brought by and in the name of the personal representative. It is his action, and the fact that it is peculiar and created by statute with the attributes above enumerated, does not differentiate it from the general rule and prevent the personal representative from *bona fide* settling or releasing the action.

The case of *Pisano* v. *Shanley Company,* 37 *Vroom* 1, strongly urged by the demurrant as quite in point, is not a direct authority, for there was involved the *status* of a grant of letters in a foreign state, obtained by false representations, and it was really a contest between a foreign and a domestic representative of the same decedent.

The legislature has constituted the personal representative *magister litis,* and as such he may, in his judgment in good faith, release or compromise the cause of action before suit brought, and after it has been instituted, he will control the litigation, and may, acting without fraud, settle and discontinue it. It must be conceded that it is his duty to exercise his judgment as to the validity of the claim for damages and the advisability of suing upon it, and that he may accept the· verdict of a jury or dispute it by proceedings in review.·

These duties were cast upon him by his legislative appointment, and it would be incongruous to say that he can do all these things and yet deny him the right to settle with the

wrong-doer, upon the receipt of full pecuniary compensation for the damages sustained by the class of persons for whose benefit the statute was passed.

The weight of authority in other states upon statutes substantially like ours is to this effect. *Parker* v. *Providence and S. Steamboat Co.*, 17 *R. I.* 376, is an instructive case, and quite in point. *Henchey* v. *City of Chicago*, 41 *Ill.* 136; *Pittsburg, C. C. & St. Louis Railway Co.* v. *Gipe*, 160 *Ind.* 360; *Washington* v. *Louisville & N. R. Co.*, 136 *Ill.* 49, may also be cited upon the subject. The demurrer will be overruled and judgment given for the defendant.