## In re NEW YORK WOMAN, Inc.

District Court, S. D. New York.

June 5, 1940.

Sidney Gross, of New York City, for petitioning creditor.

Krellberg & Fitzsimons, of New York City (Norman Lazarus, of New York City, of counsel), for trustees.

CONGER, District Judge.

This is a petition to review an order of the referee which denied the motion of a creditor to direct the trustees herein to file their final accounting, to proceed with the distribution of the assets, and to close the estate.

It appears that prior to the filing of a petition under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, to reorganize the debtor corporation, an action had been commenced for libel against the New York Evening Journal, Inc., and W. S. Farnsworth, in the Supreme Court of the State of New York. The libelous words were alleged to have injured pecuniarily the magazine, the New York Woman, which was published by the debtor corporation.

After the petition in reorganization, the trustees were joined as parties plaintiff in the libel action pursuant to an order by the referee. After a trial, a verdict was rendered in favor of the plaintiffs and judgment entered in the sum of $25,375.50. The trustees were of the belief that the verdict was inadequate and duly filed a notice of appeal with the Appellate Division of the New York Supreme Court. Because of lack of funds in the estate, the attorneys for the trustees moved for leave to appeal on a typewritten record, which was denied. Upon a meeting of creditors, a plan was devised whereby the creditors agreed to assign 50% of their claims against the bankrupt corporation to any person who would furnish the money for this appeal.

The petitioner herein objected, on the ground that the trustees in bankruptcy did not have any right to the proceeds of this judgment because the action was one for libel, and non-transferrable. The petitioning creditor moved before the referee to direct the trustees to file their report, which the referee denied.

The only question here is whether the proceeds of the libel action pass to the trustees, or remain with the bankrupt. The libel action was commenced, and the adjudication of the corporation as a bankrupt was before the 1938 amendment of the Bankruptcy Act, so that the "old" Bankruptcy Act applies in this case.

The petitioner contends that the trustees herein did not take title to the cause of action for libel since under Section 70, sub. a(5), of the "old" act, 11 U.S.C.A. § 110, sub. a(5), a trustee acquired the title only to property which could, prior to the filing of the petition in bankruptcy, have been transferred by the bankrupt; and since a libel action is one for personal injury, Section 37-a, General Construction Law of New York, Consol. Laws N.Y., c. 22 it is not transferable, Section 41, New York Personal Property Law, Consol. Laws N. Y., c.

There is another clause of Section 70 of the "old" act which seems to me to govern the situation here, to wit: Section 70,

832

sub. a(6). By this provision of the law a trustee in bankruptcy is vested, by operation of law, with the title of the bankrupt, as of the date he was adjudicated, to "rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his property". There can be no question but that if this chose in action, which existed and was owned by the bankrupt at the time of the adjudication, was a right of action arising from injury to the property of this corporation, then the trustees would succeed to the right the bankrupt had in said action.

The sole question, therefore, seems to me is whether or not this cause of action was a claim which arose out of injury to the property of this bankrupt.

In New York it has been held that, as a general rule, a corporation may maintain an action for libel when the published article assails its management or credit and inflicts injury upon its business or property. First National Bank v. Winters, 225 N.Y. 47, 121 N.E. 459; Reporters' Association of America v. Sun Printing & Publishing Association, 186 N.Y. 437, 79 N.E. 710; Kemble & Mills of Pittsburgh v. Kaighn, 131 App.Div. 63, 115 N.Y.S. 809. A corporation has no moral character and reputation which might be injured, but only business assets that can be injured. Thus, in the case of Adolf Philipp Co. v. New Yorker Staats-Zeitung, 165 App.Div. 377, 392, 150 N.Y.S. 1044, 1053, it was stated: "There is, however, a marked difference between an action by an individual for libel and one by a corporation, inasmuch as the basis of an action by an individual is usually the injury to his moral character and reputation, whereas, those elements are necessarily eliminated in an action by a corporation, which can only be damaged by an attack upon its business methods of a nature calculated and tending to injuriously affect it pecuniarily in its business reputation and credit * * * [citing cases]."

In the case at bar the complaint alleged that the libelous words injured the plaintiff pecuniarily, caused substantial damage by virtue of loss of advertising, loss of subscriptions, loss of credit and finally it caused plaintiff's bankruptcy. The injury, thus complained of, was actually and physically an injury to the property of the bankrupt, not only as a matter of law, but also as a matter of fact.

It might truthfully be said, therefore, that an action for libel, by a corporation, is such an injury to the bankrupt's property that the title to the cause of action passes to the trustee in bankruptcy under Section 70, sub. a(6). The referee has so held, and I agree with him.

Petition to review is dismissed. Settle order on notice.