HARRIET O'ROURKE & another, administrators, *vs.* LEO V. SULLIVAN.

Suffolk.    May 14, 1941. — June 26, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Executor and Administrator,* Public administrator, Claim by or against estate, Claim for decedent's death.    *Negligence,* Causing death.    *Release.*

An action of tort by an administrator for conscious suffering and death was barred by a settlement, made without fraud before such administrator's appointment by a public administrator acting in good faith although the public administrator had acted without knowledge of the existence of a widow and children of the intestate and without bringing an action against the defendant or procuring approval by the

Probate Court of the settlement and had received from the defendant a lump sum for a release of both causes of action.

The remedy of an administrator of the estate of one who had sustained injuries from which he consciously suffered and died, for negligence of, or failure to exercise sound judgment by, a public administrator in the making, in good faith and without the bringing of an action or seeking the approval of the Probate Court, of a settlement of such claims for an inadequate sum, or to require a proper allocation as between the two claims of a lump sum received by the public administrator in the settlement, would be by appropriate proceedings in the Probate Court.

It *was stated* that in a compromise without action of claims by an administrator for conscious suffering and death of his intestate, a specific amount for each claim should be designated rather than a lump sum for both.

TORT. Writ in the Municipal Court of the City of Boston dated June 14, 1937.

On removal to the Superior Court, the case was tried before *Broadhurst*, J.

The case was submitted on briefs in this court.

*B. J. Killion, J. F. Connolly, & H. J. Williams,* for the plaintiffs.

*C. A. McCarron & J. G. Fay,* for the defendant.

DOLAN, J. This is an action of tort, with a declaration in two counts, to recover for the conscious suffering and death of the plaintiffs' intestate resulting from having been struck on December 6, 1936, by an automobile operated by the defendant. The defendant's answer set up, among other defences, that a release of all claims and demands arising out of the accident had been given to him by one Mitchell, as public administrator of the estate of the intestate, on January 28, 1937.

After the jury had been empanelled, the plaintiffs' counsel conceded that, on the date last mentioned, Mitchell, who was then public administrator of the estate of the intestate, gave a release to the defendant and his insurer in which, in consideration of $1,200, the receipt whereof was acknowledged, he released them "from all claims and demands, actions, and causes of action, either at law or in equity . . . as aforesaid damages, costs . . . expense and compensation on account of, or in any way growing out of

personal injuries, death and property damage resulting or to result from" the accident. The plaintiffs then offered evidence tending to show the circumstances in which the accident happened. The offer of proof as to this subject matter need not be recited. They also offered evidence tending to show that the intestate died on December 8, 1936, leaving as his heirs at law a widow and two minor children who resided in England; that Mitchell filed a petition for his appointment as public administrator of the estate of the intestate on that day; that his petition recited that the intestate·did not leave a known widow or kin in this Commonwealth; that no persons were listed therein as heirs; that Mitchell'was appointed public administrator of the estate of the intestate on January 11, 1937; that when he executed the release on January 28, 1937, he had no knowledge of the existence of the widow and minor children of the intestate, and that on March 23, 1937, the plaintiffs were appointed administrators of the estate of the intestate upon their petition, which set forth the names of his widow and minor children as his heirs. In this offer of proof the plaintiffs admitted that Mitchell received from the defendant "a sum of money" in consideration for the release, but offered to prove that they had not accepted it. The evidence thus offered was excluded by the judge, subject to the plaintiffs' exceptions. The plaintiffs offered no further evidence, and upon motion of the defendant the judge directed the jury to return a verdict for the defendant on each count "upon the ground that the evidence offered would not warrant a finding that the release . . . is not a bar to the action." The plaintiffs duly excepted.

The plaintiffs do not contend that there was any fraud or misrepresentation in connection with the settlement, but argue that there was error in the exclusion of the evidence offered by them, since by that evidence it would be shown that, while Mitchell compromised the causes of action for the death and conscious suffering of the intestate, he had no knowledge of the existence of any person for whose benefit the cause of action for death could be maintained, and,

accordingly, that he was without authority to release the claim therefor. The plaintiffs, however, concede that at the time of the death of the intestate both causes of action had accrued.

G. L. (Ter. Ed.) c. 194, § 4, so far as here material, provides that a public administrator "shall, except as otherwise provided in this chapter, administer estates and render accounts in the same manner as other administrators." There is nothing in c. 194 that operates to deprive public administrators of the common law right enjoyed by other administrators to compromise claims in favor of or against the estate represented by them, or of the right to compromise causes of action for the death of their respective intestates.

Upon his appointment and qualification as public administrator, Mitchell could maintain an action for the conscious suffering and death of the intestate, G. L. (Ter. Ed.) c. 229, §§ 1, 5, 6, and while he was in office no one else could bring the action. The widow and children of the intestate, although they would be entitled to any sum recovered on account of the cause of action for death, could not be parties thereto. The public administrator had the right to compromise the claims involved before or after action brought. *Parker* v. *Providence & Stonington Steamboat Co.* 17 R. I. 376, 381. *Manns* v. *A. E. Sanford Co.* 53 Vroom, 124, 125, 127, and cases cited. Tiffany, Death by Wrongful Act, § 125. *American Car & Foundry Co.* v. *Anderson,* 211 Fed. 301, 307, 308, and cases cited. Williams, Executors & Administrators (12th ed.) 577. In the absence of evidence of fraud or bad faith his action in compromising the claims for the conscious suffering and death of the intestate cannot be attacked collaterally. *American Car & Foundry Co.* v. *Anderson,* 211 Fed. 301, 307. *Washington* v. *Louisville & Nashville Railway,* 136 Ill. 49. *Pittsburgh, Cincinnati, Chicago & St. Louis Railway* v. *Gipe,* 160 Ind. 360, 368, 369–372, and cases cited. *Foot* v. *Great Northern Railway,* 81 Minn. 493.

A failure on the part of the public administrator to account in the Probate Court for the sum received by him in settlement of the cause of action for death would be a breach

of his bond, just as would a failure to account for any sum received by him in settlement of the cause of action for conscious suffering of the intestate. G. L. (Ter. Ed.) c. 205, § 1, cl. 2, Third. *Koutoudakis* v. *Great American Indemnity Co.* 285 Mass. 466, 468, 469, and cases cited.

In compromising the cause of action for death in the instant case without bringing action therefor and prosecuting it to final judgment, and in compromising the cause of action for conscious suffering without obtaining the approval of the Probate Court under G. L. (Ter. Ed.) c. 204, § 13, the public administrator took the risk of being able to satisfy that court, in appropriate proceedings, that he exercised sound judgment in so doing. See *Forbes* v. *Allen*, 240 Mass. 363, 366, and cases cited. If, by reason of any negligence or serious error in judgment on his part, he obtained a less sum than he would clearly be entitled to recover at law, he may be held to make up the loss out of his own estate, "but still the compromise, if made in good faith, would be binding upon the parties thereto." *Parker* v. *Providence & Stonington Steamboat Co.* 17 R. I. 376, 381, and cases cited. As before stated, no contention is made by the plaintiffs that the compromise in question was not entered into by the parties in good faith.

The plaintiffs further complain that the compromise was invalid since the release recites that it is of all claims for "injuries to and death of" the intestate, and, a lump sum having been the consideration for the release, there is no way to determine what portion, if any, of the sum paid in settlement was for the conscious suffering of the intestate, and what portion for his death. In *Finnegan* v. *Checker Taxi Co.* 300 Mass. 62, 69, it was held that notwithstanding the joinder of the claim for conscious suffering and of that for death under G. L. (Ter. Ed.) c. 229, § 6, two separate causes of action were stated in the declaration. In *Beauvais* v. *Springfield Institution for Savings*, 303 Mass. 136, 147, it was pointed out that, where these two causes of action are joined, nevertheless the executor or administrator acts in different capacities for the benefit of different persons, recovery in the cause for conscious suffering accruing to the

estate of the deceased, that for death accruing to the persons entitled to distribution thereof under the death statutes, G. L. (Ter. Ed.) c. 229, §§ 1, 5, 6; that damages so recoverable for the benefit of different persons in enforcing two distinct and different causes of action are to be segregated and paid to the estate and to the statutory beneficiaries in the amounts determined by the verdicts; and that the aim and intent of the statute permitting the joinder "would be best accomplished by separate judgments following and conforming to the verdicts."

It would appear obvious that, where a compromise of these two separate causes of action is effected, as in the present case, before action brought, the principles just referred to should apply and that, acting in different capacities for different persons, the amount to be paid in settlement of each cause should be specifically designated. This would be in aid of the orderly administration of the estate of the intestate and best serve the rights of the different interests concerned. We are not prepared to say that the compromise, which, so far as is shown, appears to have been entered into in good faith by the parties, is invalid for the failure to allocate the sum paid in settlement of each cause. We are of opinion, however, that, under principles already stated, the plaintiffs' remedy for any negligence or error of the public administrator in connection with the compromise entered into by him with the defendant is in appropriate proceedings in the Probate Court, which has the power to deal with the sum obtained in settlement by the public administrator and any other sum with which he may be found chargeable on account of the causes of action involved, so that justice may be done.

*Exceptions overruled.*