**EMPIRE TRACTOR CORPORATION v. TIME, Inc.**

**Civ. A. No. 10116.**

United States District Court
E. D. Pennsylvania.

June 12, 1950.

See, also, 10 F.R.D. 121.

Henry I. Koplin, Philadelphia, Pa., for petitioner.

Philip H. Strubing, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

The trustees in bankruptcy of the plaintiff, Empire Tractor Corporation, petition for leave to intervene and be substituted as parties plaintiff in a libel action which had been commenced by the plaintiff corporation prior to the time of their appointment. The defendant, Time, Inc., opposes the petition.

The determinative issue is whether or not title to the cause of action passed from the plaintiff to the trustees in bankruptcy under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. Section 70, sub. a(6), 11 U.S.C.A. § 110, sub. a(6), provides that a trustee in bankruptcy is vested by operation of law with the title of the bankrupt to all rights of action arising from "the unlawful taking or detention of or injury to his property." Under this section (differing only by the absence of the subsequently added reference to actions arising out of usury), the District Court for the Southern District of New York, in the case of In re New York

Woman, Inc., D.C., 34 F.Supp. 831, held that the right of action for the libel of a corporation passed to the trustees, on the ground that the libel of a corporation is an injury to its property.

The defendant, however, cites a proviso to Section 70, sub. a(5), added to the Bankruptcy Act by amendment subsequent to that decision, which provides that " * * * rights of action ex delicto for libel, slander, injuries to the person of the bankrupt or of a relative, whether or not resulting in death, seduction, and criminal conversation shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process." Inasmuch as an action for libel is not subject to attachment, etc., in Pennsylvania, Selheimer v. Elder, 98 Pa. 154, the defendant contends that the plain language of this provision is now controlling, depriving the trustees of any interest in the action, notwithstanding Section 70, sub. a(6) or the New York Woman case.

I cannot agree that the addition of the language in Section 70, sub. a(5) as quoted, is pertinent to the resolution of the issue. That language obviously has reference to the rights of action of an individual, as indicated by the references to "injuries to the person" or to a "relative" of the bankrupt, and by the reference to "death, seduction, and criminal conversation." Of course, title to such an action as one for the libel of an individual does not vest in the trustee. A corporation's cause of action for libel, however, is concerned exclusively with an injury to property, and not at all with the intimate, personal injury to moral character and reputation. "An action for libel existing in favor of a bankrupt corporation is based on such an injury to the bankrupt's property that title passes to the trustee under Section 70a(6), and is not affected by the language of the first proviso in Section 70a(5)." Collier on Bankruptcy, 14th ed., vol. 4, Sec. 70.28, page 1173.

Accordingly, an order will be entered granting the trustees leave to intervene and be substituted as parties plaintiff.