ALTOONA CLAY PRODUCTS, INC., a corporation, Plaintiff,

v.

DUN & BRADSTREET, INC., a corporation, Defendant.

Civ. No. 63-724.

United States District Court
W. D. Pennsylvania.
May 14, 1965.

John E. Evans, Jr., Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Thorpe, Reed & Armstrong, Pittsburgh, for defendant.

WEBER, District Judge.

Plaintiff corporation brought the within diversity action by complaint filed August 21, 1963, alleging a libel on its business reputation.

By an Indenture dated February 28, 1964, Altoona Clay Products, Inc., assigned to John R. Vogle of Johnstown, Pennsylvania:

"* * * all the real estate and also all goods, chattels, effects and property of every kind, real, personal and mixed, and more so all of the entire stock and fixtures (of said corporation) * * * To have and to hold, receive and take the same to the said party of the second part, his heirs and assigns to the proper use and behoof of said party of the second part, his heirs, and assigns forever; *in trust, however,* and to the intent and purpose that the said party of the second part shall, as soon as convenient, sell and dispose of all the lands, goods, and chattels of the party of the first part * * * and collect and recover all the outstanding claims and debts to it, the said party of the first part due * * * And to more effectually enable the party of the second part to carry into effect the purpose of this trust with the said party of the first part, *the said party of the first part does hereby nominate and appoint the said party of the second part true and lawful attorney, irrevocable, to ask, demand, sue for, levy, recover and receive all sums of money to it due,* to give acquittances or other sufficient discharges in the law therefor, and to make such compromises or other arrangements as he may deem beneficial to this trust." (Italics supplied).

Defendant has moved for Summary Judgment, claiming inter alia, that an assignee of plaintiff's assets for the benefit of plaintiff's creditors is an indispensable party to this action. Defendant further argues that even should his Motion for Summary Judgment not be granted, he is entitled to have on the record a party having the interest of the plaintiff assigned to him so that the rights, the interests and the bias of witnesses will be apparent, and should there

be a judgment against defendant, defendant then will be protected against a duplication of claims.

■ Defendant asserts that he is entitled to have plaintiff's claim dismissed under Rule 12(b) (7) of the Fed.R.Civ.P. for failure to join an indispensable party. However, Rule 12(b) provides that:

"A motion making any of these defenses shall be made before pleading if a further pleading is permitted."

In this case an answer has been filed, extensive discovery undertaken, pretrial proceedings concluded, and the case listed for trial. The matter is not proper for Summary Judgment on this ground at this late date.

We think that this matter is properly to be treated under the provisions of Rule 25(c) and Rule 21:

Rule 25:

"(c) *Transfer of Interest.* In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." * * *

"Rule 21.

"*Misjoinder and non-joinder of parties.*

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

For the reasons that we shall set forth in more detail below we believe the proper disposition of this contention raised as grounds for Summary Judgment will be made by an order under Rule 25(c) and Rule 21.

■ The plaintiff has resisted the demand of the defendant that the assignee, John R. Vogle, be substituted as plaintiff or joined with the plaintiff in this action

for the reason that the claim which is asserted is an action in tort for unliquidated damages which is not subject to assignment. While we can agree that there are certain types of tort claims which are not subject to assignment such as actions in tort for personal injuries, or libel and slander of an individual and other such actions as are held to be personal and not to survive the claimant, we do not believe that the principle is applicable to the type of claim which is at issue here.

The nature of this transfer of interest is similar to the transfer of title in bankruptcy proceedings and the same question has arisen. Logic compels us to follow the reasoning of the bankruptcy cases.

The Bankruptcy Act, § 70, sub. a(5), provides that rights of action ex delicto for libel slander, injuries to the person of the bankrupt etc. * * * shall not vest in the trustee, unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration or other judicial process. Collier on Bankruptcy, 14th Ed. Vol. 4 § 70.28[3], page 1250, states:

"* * * However, an action for libel, existing in favor of a bankrupt corporation, is based upon such an injury to the bankrupt's property that title passes to the trustee under § 70a (6), and hence is not affected by the first proviso in § 70a (5)."

citing Empire Tractor Corp. v. Time, Inc., 91 F.Supp. 311, (E.D.Pa.1959); In re New York Woman, Inc., 34 F.Supp. 831, (E.D.N.Y.1940), and Schmidt v. Esquire, 210 F.2d 908 (7th Cir. 1954) Cert. Den. 348 U.S. 819, 75 S.Ct. 31, 99 L.Ed. 646.

In Empire Tractor Corp. v. Time, Inc., 91 F.Supp. 311 (E.D.Pa.,1959), the Empire Tractor Corporation had brought a libel action against Time, Inc. Upon the bankruptcy of the plaintiff the Trustees petitioned for leave to intervene and be substituted as parties plaintiff in the

libel action commenced by plaintiff corporation prior to the time of their appointment. The defendant objected that inasmuch as an action for libel is not subject to attachment in Pennsylvania (Selheimer v. Elder, 98 Pa. 154), the language of § 70, sub. a (5) deprived the Trustees of any interest in the action. The Court stated at p. 312:

> "I cannot agree that the addition of the language in Section 70, sub. a(5) as quoted, is pertinent to the resolution of the issue. That language obviously has reference to the rights of action of an individual, as indicated by the references to 'injuries to the person' or to a 'relative' of the bankrupt, and by the reference to 'death, seduction, and criminal conversation.' Of course, title to such an action as one for the libel of an individual does not vest in the trustee. A corporation's cause of action for libel, however, is concerned exclusively with an injury to property, and not at all with the intimate, personal injury to moral character and reputation. 'An action for libel existing in favor of a bankrupt corporation is based on such an injury to the bankrupt's property that title passes to the trustee under Section 70a(6), and is not affected by the language of the first proviso in Section 70a(5)."

(citing Collier on Bankruptcy, 14th Ed. Vol. 4, § 70.28, p. 1173.)

In the case of In re New York Woman, Inc., 34 F.Supp. 831 (E.D.N.Y.1940), it was contended that the Trustee could acquire title only to property which could, prior to the filing of the petition in bankruptcy, have been transferred by the bankrupt; and since a libel action is one for personal injury it is not transferable. The Court answered this by reciting the provisions of § 70, sub. a(6), in which title is vested in the Trustee by operation of law to rights of action arising upon contracto or from the unlawful taking or detention of, or injury to, his property.

The Court stated that in New York it has been held as a general rule that a corporation may maintain an action for libel when the published article assails its management or credit and inflicts injury upon its business or property.

> " * * * A corporation has no moral character and reputation which might be injured, but only business assets that can be injured. Thus, in the case of Adolf Philipp Co. v. New Yorker Staats-Zeitung, 165 App.Div. 377, 392, 150 N.Y.S. 1044, 1053, it was stated: 'There is, however, a marked difference between an action by an individual for libel and one by a corporation, inasmuch as the basis of an action by an individual is usually the injury to his moral character and reputation, whereas, those elements are necessarily eliminated in an action by a corporation, which can only be damaged by an attack upon its business methods of a nature calculated and tending to injuriously affect it pecuniarily in its business reputation and credit * * *.'"
>
> * * *
>
> "It might truthfully be said, therefore, that an action for libel, by a corporation, is such an injury to the bankrupt's property that the title to the cause of action passes to the trustee in bankruptcy under Section 70, sub. a(6)."

There has always been a question in Pennsylvania as to whether the rule was applicable to the assignment of actions in trespass for damages done to personal property. One of the principal tests as to the assignability of a cause of action in tort for damages to personal property is whether or not the action is one which would survive to the property owner's personal representative. The logic of this rule is certainly not applicable to the claim of a corporation whose existence is perpetual.

It must be recorded, in fairness to the defendant, that the lateness in making

this motion with reference to the real party in interest is due to the fact that the assignment only came to its attention shortly before the Pretrial Conference in this case on February 18, 1965. (Pretrial Record, p. 8).

Where the reason for the rule disappears the rule is gone. The injury complained of in this case was a libel on the business reputation and credit of the plaintiff corporation and the damages claimed are the consequence of a loss of its credit and a loss of its profits because of the libel. The instrument by which the assignment was made as it appears of record in these proceedings clearly shows that it was the intent and purpose of the plaintiff corporation to assign all of its assets to the Trustee for the protection of its creditors. Thus the Trustee is the real party in interest. If the plaintiff's allegations are supported it is of the utmost importance that any damages to the business reputation of plaintiff which resulted in the consequences claimed by the plaintiff inure for the benefit of its creditors. Defendant will likewise be protected against multiple claims.

Therefore, while we see no basis for granting Summary Judgment or a Motion to Dismiss for the failure to join the trustee-assignee for benefit of creditors we will nevertheless under the provisions of Rules 25 and 21 of the Fed.R. of Civ.P. order the joinder of the Trustee as a party plaintiff, or in the alternative the substitution of the Trustee for the party plaintiff, and in the event of the failure to do so within the time allotted will dismiss the plaintiff's action.

## II

Defendant raises as his second grounds for Summary Judgment the argument that plaintiff's cause of action is not grounded upon libel per se, but libel per quod which requires the pleading of special damages, both under the substantive Pennsylvania law upon which the cause of action is grounded, and under the provision of Rule 9(g) of the Federal Rules of Civil Procedure.

Plaintiff answers that the false report of a judgment entered against it published by defendant is libel per se and requires no allegation of special damages. With this we cannot agree. We find that the weight of authority is to the effect that the false or mistaken publication that a judgment has been recorded against a business enterprise is not libelous per se. McDonald v. Lee, 246 Pa. 253, 92 A. 135, L.R.A.1916B, 915; Shaines v. Dun & Co., 8 Pa.Dist. & Co.R. 597 (Phila.1927). This view is not confined to the Pennsylvania cases. Furthermore, the determination of this matter rests solely in the court. Cosgrove Studio and Camera Shop, Inc. v. Pane, 408 Pa. 314, 182 A.2d 751 (Pa.1962).

We then turn to the question of whether plaintiff has sufficiently pleaded the necessary special damages to support a cause of action for libel per quod. While plaintiff originally pleaded in paragraphs 10, 11 and 15 of its complaint general averments that persons who formerly dealt with him in his business have refused, either in whole or in part, to engage in further business, to his financial loss and damage; that credit has been restricted or refused to him; and that he has thus sustained a loss of approximately $168,000, as a direct result of the publication, these alone would have been insufficient in our opinion to sustain the cause of action for libel per quod, had timely action been taken by defendant. However, since under the Federal practice, the defendant has ample opportunity to learn the details of the claim made against him, we feel that the Defendant's Motion for Summary Judgment on this ground cannot prevail at this time. Under the Federal practice the pleadings are supplemented by discovery and pretrial procedures so that the Defendant may be informed of the details of the claim made against him and be in a position to defend. Here defendant has

made extensive discovery, by interrogatories, production of plaintiff's corporate books and records, depositions and pretrial procedures. Defendant, after all these procedures, should be fully informed of the nature of plaintiff's claims and be in a position to defend against them.

We feel that this matter cannot, on the eve of trial, be determined on a Motion for Summary Judgment which is essentially a Motion to Dismiss for failure to state a claim upon which relief can be granted. Such a matter can only be granted under the provisions of Rule 56(c):

"* * * if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Such is not the case here.