**DALLAS CABANA, INC., Plaintiff-Appellant,**

v.

**HYATT CORPORATION and Donald N. Pritzker, Defendants-Appellees.**

No. 29641.

United States Court of Appeals, Fifth Circuit.

March 31, 1971.

Rehearing Denied May 7, 1971.

---

Jim K. Choate, Dallas, Tex., for plaintiff-appellant.

D. Marshall Simmons, Thomas W. Luce, III, Jenkens, Spradley & Gilchrist, Dallas, Tex., Steinhart, Goldberg, Feigenbaum & Ladar, San Francisco, Cal., for defendants-appellees.

Before JONES, GEWIN and CLARK, Circuit Judges.

GEWIN, Circuit Judge:

Appellant Dallas Cabana, Inc. (herein, Bankrupt) instituted this cause of action against Hyatt Corporation (Hyatt) and its president, Donald N. Pritzker (Pritzker), alleging that they and others conspired to acquire the Dallas Cabana Hotel (Hotel) at a price substantially below its fair market value by fraudulently causing the Hotel to be adjudicated a bankrupt.[1] In the complaint, the Bankrupt demanded an accounting and sought exemplary damages. In answer to the complaint appellees Hyatt and Pritzker moved to dismiss the action on the ground that the bankrupt was not entitled to instigate and maintain the cause of action since title to the Hotel property and all rights thereto, including any cause of action accruing to the bankrupt, vested in the trustee upon adjudication of bankruptcy. The district court entered judgment dismissing the action.

We think the dismissal was properly granted. Section 70 of the Bankruptcy Act, 11 U.S.C.A. § 110(a),[2]

---

1. This case, except for the nominal identity of the parties, involves precisely the same facts as are set out and discussed at length in the companion case, Cabana Management, Inc. v. Hyatt Corporation, 441 F.2d 862 (5th Cir. 1971), this day decided. As in Tamm v. Ford Motor Co., 80 F.2d 723 (8th Cir. 1935) and Herb Ford, Inc. v. Ford Motor Company, 80 F.2d 730, 731 (8th Cir. 1935), the parties

or their counsel ex abundanti cautela may have deemed it wise to begin and maintain two suits on precisely identical facts.

2. The trustee * * * shall * * * be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition * * * except insofar as it is to property which is held

vests in the trustee, upon appointment and qualification, substantially all rights of action reposing in the bankrupt corporation as of the date the bankruptcy petition is filed. Clause (6) [3] of the cited section specifically gives the trustee the rights of action for "the unlawful taking or detention of or injury to" property of the bankrupt. Construing Clause (5) and Clause (6) together, it may be stated as a general rule that all rights of action for injury to the property of a bankrupt vest in his trustee and that only injuries to his person or reputation do not so vest. Moreover, as a corollary to this rule, some courts have concluded that all rights of action in a bankrupt corporation vest in its trustee because a corporation cannot suffer personal injury.[4] In other cases in which the courts have not specifically concluded that an injury to a corporation is *per se* an injury to property, the courts have nonetheless held that rights of action of bankrupt corporations for injury to their property vests in the trustee in bankruptcy.[5] In either case title to all assets and/or property of the Bankrupt,

Dallas Cabana, Inc., vested in the trustee in bankruptcy as of the date upon which the bankruptcy petition was filed. The reason for this title conversion was well stated in Gochenour v. Cleveland Terminals Bldg. Co.[6] wherein the court said:

> The object of the Bankruptcy Act is to benefit creditors by making all the pecuniary means and property available to their payment and in furtherance of this object, there passes to the trustee, not only what in strictness may be called the property of the bankrupt, but also those rights of action to which he was entitled for the purpose of recovering real or personal property, or damages respecting that which has been unlawfully diminished in value, withheld or taken from him.[7]

It follows, therefore, that since title to the assets of the Hotel vested in the trustee, all rights of action relating to wrongful injury to the property also vest in the trustee;[8] and consequently the bankrupt cannot sue unless the trustee has abandoned the cause of action.[9]

---

to be exempt, to all of the following kinds of property wherever located * * * (5) *property, including rights of action,* which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded or sequestered * * * ; (6) *rights of action arising upon contracts, or usury, or the unlawful taking or detention of or injury to his property.* (Emphasis added.)

3. Id.

4. Empire Tractor Corp. v. Time, Inc., 91 F.Supp. 311 (D.C.Pa.1950) ; In re New York Woman, Inc., 34 F.Supp. 831 (D.C. N.Y.1940) ; Hansen Mercantile Co. v. Wyman, Partridge & Co., 105 Minn. 491, 117 N.W. 926 (1908) ; Annot. 66 A.L.R. 2d 1217, 1227–1230 (1959).

5. Gochenour v. Cleveland Terminals Bldg. Co., 118 F.2d 89, 93 (6th Cir. 1941) ; Tamm v. Ford Motor Co., 80 F.2d 723 (8th Cir. 1935) ; In re Swofford Bros. Dry Goods Co., 180 F. 549 (D.C.Mo. 1910) ; Herb Ford, Inc. v. Ford Motor Co., 80 F.2d 730 (8th Cir. 1935) ; Annot., 66 A.L.R.2d 1217, 1228 (1959).

6. 118 F.2d 89 (6th Cir. 1941).

7. Id. at 93.

8. First Nat. Bank of Jacksboro v. Lasater, 196 U.S. 115, 118–119, 25 S.Ct. 206, 49 L. Ed. 408 (1905) ; Patton v. Fidelity-Philadelphia Trust Co., 246 F.Supp. 1015, 1017 (E.D.Pa.1965) ; Hermsmeyer v. A.L.D., Inc., 239 F.Supp. 740, 742 (D.Colo.1964) ; In re Albert-Harris, Inc., 213 F.Supp. 602, 606 (N.D.Ohio 1961) ; aff'd 313 F.2d 447 (6th Cir. 1963) ; Constant v. Kulukundis, 125 F.Supp. 305, 306 (S.D.N.Y.1954) ; Grauman v. City Co. of New York, 113 F.Supp. 437, 438 (S.D.N.Y.1941).

See also: Acme Harvester Company v. Beekman Lumber Company, 222 U.S. 300, 32 S.Ct. 96, 56 L.Ed. 208 (1911) ; Cornwall Press, Inc. v. Ray Long & Richard R. Smith, 75 F.2d 276, 277 (2d Cir. 1935) ; Field v. Lew, 184 F.Supp. 23, 26 (E.D. N.Y. 1960) ; 3 Remington on Bankruptcy § 1390 (Revised ed. 1957).

9. A "cause of action" is an asset or a property right of the individual to whom it belongs. Under the Bankruptcy Act, title to a "cause of action" vests in the trustee unless abandoned. Gochenour v. George & Francis Ball Foundation, 35 F.Supp. 508,

■■ In the instant case it is not contended that the trustee has abandoned this cause of action; appellant merely asserts that the trustee has failed to file suit. The fact that the trustee has failed to prosecute a claim does not permit a would-be plaintiff to bring suit without first petitioning the bankruptcy court for an order authorizing abandonment of the property.[10] In Gochenour v. George & Francis Ball Foundation,[11] the court disposed of a similar contention and said:

> A trustee in bankruptcy * * * has title to all the assets of the bankrupt or debtor, and represents all the creditors. It is his or its right to prosecute all causes of action which could have been prosecuted by the bankrupt or debtor, had bankruptcy not intervened. It is the contention of plaintiffs that the fact that the debtor [trustee] has failed to prosecute the cause of action asserted in their complaint, is, in effect, an abandonment of such cause of action and that, therefore, they have a right to maintain this action. The rule seems to be contrary to such contention. It has been held that the failure of a trustee in bankruptcy to institute proceedings to recover property or assets of a bankrupt gives no right to the creditors to institute such proceedings. Remington on Bankruptcy, § 1236. If the creditors have information of a cause of action, it is their duty to bring it to the attention of the trustee or debtor in possession, and if he or it fails to institute proceedings thereunder, and they feel that proceedings should be instituted, they have the right to present the question to the court having jurisdiction over the assets of the bankrupt and ask *leave to prosecute the action for and in the name of the trustee or debtor, as the case may be. The mere fact that the debtor fails to institute such proceedings does not authorize them to proceed in their own names and upon their own behalf.*[12] (Emphasis added).

The failure of the trustee to assert a cause of action against the appellees in this case is not sufficient to authorize this court to hold that the action has been abandoned and that, therefore, this appellant has a right to maintain it. The remedy of the appellant is to petition the bankruptcy court to compel the trustee to bring suit or to authorize the bankrupt to sue or to make such disposition as appears to be appropriate in the circumstances and under the facts presented to the court. Without such authorization or clear manifestation of the trustee to abandon the claim, or some other disposition as the lower court may deem appropriate, appellant may not maintain this cause of action. The motion to dismiss should be sustained; the judgment of the district court is affirmed.

514 (S.D.Ind.1940) aff'd per curiam, Gochenour v. George and Frances Ball Foundation, 117 F.2d 259 (7th Cir.), cert. denied 313 U.S. 566, 61 S.Ct. 942, 85 L.Ed. 1525 (1941). See also: Brown v. O'Keefe, 300 U.S. 598, 602–603, 57 S.Ct. 543, 81 L.Ed. 827 (1937); Colson v. Monteil, 226 F.2d 614, 617 (8th Cir. 1955); Schmidt v. Esquire, Inc., 210 F.2d 908, 913 (7th Cir. 1954); Patton v. Fidelity-Philadelphia Trust Co., 246 F. Supp. 1015, 1017 (E.D.Pa.1965); In re Aldrich's Estate, 35 Cal.2d 20, 215 P.2d 724 (1950); Annot., 19 A.L.R.2d 890 (1951).

10. In re Ira Haupt & Co., 398 F.2d 607, 613 (2d Cir. 1968); Schmidt v. Esquire, Inc., 210 F.2d 908 (7th Cir.), cert. den.

348 U.S. 819, 75 S.Ct. 31, 99 L.Ed. 646 (1954); Hermsmeyer v. A.L.D., Inc., 239 F.Supp. 740, 741 (D.Colo.1964); Gochenour v. George & Francis Ball Foundation, 35 F.Supp. 508 (S.D.Ind.1940) aff'd per curiam, Gochenour v. George & Frances Ball Foundation, 117 F.2d 259 (7th Cir.), cert. den. 313 U.S. 566, 61 S.Ct. 942, 85 L.Ed. 1525 (1941); Note, Abandonment of Assets by a Trustee in Bankruptcy, 53 Colum.L.Rev. 415, 425 (1953).

11. 35 F.Supp. 508 (S.D.Ind.1940), aff'd per curiam Gochenour v. George & Frances Ball Foundation, 117 F.2d 259 (7th Cir.), cert. den. 313 U.S. 566, 61 S.Ct. 942, 85 L.Ed. 1525 (1941).

12. Id. at 517.