**Frederick MASSARO and Howard Slater, Plaintiffs,**

v.

**VERNITRON CORPORATION, Defendant.**

**Civ. A. No. 80–2263–G.**

United States District Court, D. Massachusetts.

June 6, 1984.

John Legasey, Danvers, Mass., pro se.

Michael Mattchen, Boston, Mass., for plaintiff Howard Slater.

Sydelle Pittas, Boston, Mass., for defendant Vernitron Corp.

### ORDER ON MOTION FOR ORDER OF SUBSTITUTION

JOYCE LONDON ALEXANDER, United States Magistrate.

On June 5, 1984, a hearing was held on this motion.

On June 16, 1983, pursuant to M.G.L. c. 200, § 1, movant John Legasey was appointed to act as Receiver of the Estate of Howard Slater by the Probate and Family Court Department of the Trial Court of the Commonwealth of Massachusetts. M.G.L. c. 200, § 1 *et seq.* provides for the appointment of a receiver where a party obligated to pay support has disappeared or absconded without making sufficient provision for such support. Said receiver is authorized "to take possession of the property of the absentee within the jurisdiction of the Commonwealth" § 6, and to take possession of any additional property within the Commonwealth that belongs to such absentee and to demand and collect all debts due such absentee." § 7. The statutory scheme makes special reference to "intangible property" providing that "if such absentee has left no corporeal property within the Commonwealth, but there are debts and obligations due or owing to him," the receiver may demand and collect the debts. § 8. Finally, the statute provides that the receiver has the power to effect a fair and reasonable compromise with any debtor, creditor, obligor or obligee." § 9(3).

Movant Legasey seeks substitution under Fed.R.Civ.P. 25(c). He asserts that as a result of his appointment by the state court to take possession of all property of Howard Slater, tangible or intangible, he is now the transferee in interest of Howard Slater in the instant case. Slater opposes the motion on the grounds that the statuto-

ry scheme does not vest the absentee's causes of action in a receiver. Moreover, Slater asserts that until such time as this case proceeds to judgment or is settled, the motion for substitution is premature.

■ After review of case law predicated on Fed.R.Civ.P. 25(c), this Court denies the motion for substitution. The cases that allow for the substitution of those who become a real party in interest under Rule 25(c) involve situations where rights have been assigned by explicit agreement, *Altoona Clay Products v. Dun & Bradstreet*, 37 F.R.D. 460 (W.D.Pa.1965), or where a receiver was appointed who assumed control of the management and custody of a business and of pursuing and preserving all claims, *Securities & Exchange Commission v. Quing N. Wong*, 42 F.R.D. 599 (D.P.R.1967).

The two cases cited by movant Legasey, *Boucher v. Hamilton Manufacturing Company*, 259 Mass. 259, 156 N.E. 424 (1927) and *O'Rourke v. Sullivan*, 309 Mass. 424, 35 N.E.2d 259 (1942) do not turn on the statute in question and are inapposite. *Boucher* involved M.G.L. c. 155, § 1 *et seq.*, which empowers a corporation's receiver "to prosecute and defend suits" M.G.L. c. 155 § 52. There is no analogous provision in the statutory scheme at issue in the instant case. Nor does this Court find the *O'Rourke* case, which turns on the common law right of estate administrators to sue or compromise claims on behalf of the estate, applicable to the instant situation.

■ Notwithstanding the foregoing, even if the Court were to find that Slater's interest (cause of action) in this lawsuit had been transferred, which the Court does not, Rule 25(c) does not mandate that a substitution is required. It is within the sound discretion of the Court to substitute parties when some act has affected the capacity of a named party to be sued, *R.J. Enstrom Corporation v. Interceptor Corporation*, 555 F.2d 277 (10th Cir.1977), or if the substitution will facilitate the conduct of the law suit, *Federal Deposit Insurance Corporation v. Tisch*, 89 F.R.D. 446 (E.D.N.Y. 1981).

■ Slater's counsel asserts that granting the motion will unduly prejudice plaintiffs and hinder the progress of this law suit. Although movant Legasey has alleged that Slater has been uncooperative in the former's attempts to liquidate property put into receivership, Legasey has failed to allege the prerequisite to this Court's exercising its discretionary power in his favor: that Slater's capacity to prosecute this lawsuit has been so affected as to render substitution the most efficient means of facilitating the conduct of this case.

Accordingly, this Court denies the motion for substitution.