Raymond L. FOLZ, et al., Plaintiffs,

v.

**BANCOHIO NATIONAL BANK, et al., Defendants.**

No. C–1–86–906.

United States District Court, S.D. Ohio, W.D.

Aug. 5, 1987.

Lanny R. Holbrook, Thomas D. Richards, Cincinnati, Ohio, for plaintiffs.

Thomas B. Ridgley, Vory, Sater, Seymour & Pease, Columbus, Ohio, for Banc-Ohio Nat. Bank.

Arthur C. Church, Cincinnati, Ohio, for Charles Groves.

Arnold Morelli, Cincinnati, Ohio, for Charles Seely.

ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon identical Motions to Dismiss by defendants BancOhio National Bank and Charles Gross (Docs. 6 and 8). Defendants base their motions on the following grounds: (1) as against John and Marilyn Leonard for lack of standing on all claims asserted in their complaint; and (2) as against the remaining plaintiff Raymond L. Folz, on his claims brought under Section 12 of the Securities Act of 1933 (The Act) on the ground that those claims are barred by the applicable statute of limitations, and on his claims brought under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. (RICO) on the ground that plaintiff's complaint fails to state RICO claims against either defendant. Defendant further moves for dismissal of plaintiff's securities fraud claims and RICO claims on the basis that the complaint does not plead such claims with sufficient particularity.

Upon consideration of defendants' Motions to Dismiss all claims of John and Marilyn Leonard, construing their allegations and all reasonable inferences to be drawn therefrom liberally in favor of the plaintiffs, this Court finds that it is beyond

**150**

doubt that these plaintiffs can prove no set of facts in support of their claims which would entitle them to relief.

■ Plaintiffs filed their complaint on September 4, 1986, based on events which occurred during 1981 and 1982; in March 1984 John and Marilyn Leonard filed for bankruptcy, *In Re John T. Leonard and Marilyn K. Leonard,* Case 1–84–0065 (United States Bankruptcy Court, Southern District of Ohio, Western Division). Accordingly, this Court finds that the Leonards lack standing to maintain the claims set forth in their complaint since each federal cause of action accrued before the filing of their petition in bankruptcy.

Upon the filing of a petition in bankruptcy, all of a debtor's property becomes property of the estate. 11 U.S.C. § 541. The scope of the property defined by § 541 to be property of the estate is broad and includes all interest of a debtor, both legal and equitable, and both tangible and intangible. *Id; In the matter of Jones,* 768 F.2d 923, 926 (7th Cir.1985); *Dallas Cabana, Inc. v. Hyatt Corporation,* 441 F.2d 865 (5th Cir.1971). Thus, there is no question that the Leonards' estate included the causes of action which are asserted in this case. These causes of action constitute property rights which are vested solely in the trustee in bankruptcy and subject to his or her sole control. Accordingly, only the trustee of the Leonards' estate has standing to bring the claims asserted in plaintiffs' complaint on behalf of John and Marilyn Leonard.

The Court finds plaintiffs' arguments against such dismissal without merit. First, the trustee is an indispensible party in this matter because he or she is the only real party in interest and, as the trustee, has the sole right to determine if plaintiffs' claims have sufficient merit to justify suit. The trustee owns these causes of action, only the trustee has the standing to sue for a cause of action that is part of the Leonards' estate.

Secondly, plaintiffs' argument that these causes of action accrued after their bankruptcy petition was filed must fail. The injury claimed by plaintiffs based on their federal claims, which are the focus of this Court's inquiry for jurisdictional purposes, clearly occurred prior to the Leonards filing for bankruptcy. All other subsequent injuries, claimed by the Leonards, are state claims which, of themselves, do not constitute a basis for federal jurisdiction.

■ Since the Bankruptcy Act vests in the trustee, the rights of action involved in the federal claims, the Leonards cannot sue on the federal claims unless the trustee has abandoned those causes of action. *Dallas Cabana, Inc.,* 441 F.2d at 867. Further, the fact that the trustee has failed to prosecute these claims does not permit the Leonards to bring suit on their own behalf without first petitioning the Bankruptcy Court for an order authorizing abandonment of that property. *Id.* at 868. The trustee's failure to prosecute any cause of action does not constitute an abandonment of that cause of action and does not give the bankrupt the authority to maintain that cause of action. *Id.*

Accordingly, as John and Marilyn Leonard do not own the federal claims which they bring to this Court, they are not the real parties in interest to prosecute those claims and, therefore, those federal claims asserted by them must be dismissed without prejudice. Having dismissed the federal claims, this Court has no jurisdiction to proceed on the pendant state claims. Accordingly, these claims are hereby dismissed for lack of jurisdiction.

As to defendants' Motion to Dismiss the securities fraud and RICO claims brought by the remaining plaintiff Folz, the Court finds that the more appropriate course to follow is to address those issues on summary judgment so that the Court may consider materials outside of the pleadings. Accordingly, defendants are hereby ordered to file their motions on or before September 18, 1987 and plaintiff shall file his response on or before October 9, 1987; the matters shall be considered submitted to the Court for decision on October 16, 1987.

This Court declines to dismiss the claims for pleading deficiencies without giving a reasonable opportunity to file an amended

complaint and, instead orders plaintiff Folz to file a RICO Case Statement pursuant to this Court's standing order which is attached hereto and made a part hereof. Plaintiff Folz is hereby ordered to file such RICO Case Statement within twenty (20) days of the date of this Order. Further, the Court finds that plaintiff's RICO Case Statement should adequately address defendants' allegations of insufficient pleadings in the complaint and denies, at this time, defendants' motion to compel plaintiff to replead his allegations.

IT IS SO ORDERED.