DECISION AND JUDGMENT ENTRY
{¶ 1} Randal Homes Corporation, Robert L. Netherton, and R.L. Netherton Enterprises, Inc. appeal from the trial court's order releasing bond funds to the Chapter 7 bankruptcy trustee (the "Trustee") for Randal Homes Corporation's bankruptcy estate. Appellants contend the trial court should have returned the funds to the party who posted the bond on behalf of Randal Homes Corporation in First National Bank's ("the Bank") action against the corporation. Appellants argue since the bankruptcy estate has no interest in the bond funds, the trial court should not have turned over the funds to the Trustee. Because appellants lack standing to contest the trial court's order, we dismiss this appeal.
 I. Procedural History {¶ 2} The procedural context of this matter is somewhat convoluted, but is important to the outcome of this appeal. Randal Homes Corporation borrowed over $500,000 from the Bank, evidenced by the corporation's promissory note signed by Robert L. Netherton personally and as the corporation's president. As collateral for the loan, the corporation executed a security agreement giving the Bank a security interest in several vehicles.
 {¶ 3} Approximately one year later, Randal Homes Corporation sought protection from its creditors while it reorganized under Chapter 11 of the Bankruptcy Code. See, Sections 1101 et seq., Title 11, U.S. Code. Upon the filing of the bankruptcy petition, all of the corporation's property became property of its bankruptcy estate. Section 541, Title 11, U.S. Code; Mtg. Electronics Registration Sys. v. Mullins, 161 Ohio App.3d 12,2005-Ohio-2303, ¶ 26, citing Folz v. BancOhio Natl. Bank (S.D.Ohio 1987), 88 B.R. 149, 150. The filing of the bankruptcy petition also operated as a stay of any action to obtain possession of "property of the estate," including "all legal or equitable interests of the debtor in property." Sections 541(a)(1) and 362(a), Title 11, U.S. Code.
 {¶ 4} Subsequently, the bankruptcy court converted the corporation's Chapter 11 bankruptcy (reorganization) to a Chapter 7 bankruptcy (liquidation). Shortly thereafter, the Bank initiated a replevin action against Randal Homes Corporation, moved for repossession of the vehicles used as collateral for the loan, and obtained relief in the bankruptcy court from a stay of the replevin action. The trial court permitted Robert Netherton and R.L. Netherton Enterprises, Inc. to intervene as party defendants in the replevin action.
 {¶ 5} Upon the parties' stipulation on the record, the trial court entered an order allowing Randal Homes Corporation to retain possession of the vehicles upon the posting of a $21,250 bond to protect the interest of the Bank in the vehicles. The court noted in its order that, based on testimony by Robert Netherton, the funds used for posting the bond were not assets, or derived from assets, of Randal Homes Corporation or Robert Netherton. It is undisputed that Randal Sales and Marketing, which was not a party in this action, posted the bond.
 {¶ 6} After using the vehicles for a period of time, Robert L. Netherton and R.L. Netherton Enterprises, Inc. filed a motion in the trial court to release the bond in exchange for their agreement to return all the vehicles that were the subject of the replevin action. The Bank opposed a release of the bond until (1) all the vehicles used as collateral were returned to the Bank and (2) the court conducted a hearing to determine whether the Bank has a claim against the bond due to any damage or diminution in value of the vehicles.
 {¶ 7} The Trustee moved to intervene in the replevin action, asserting that the vehicles at issue are assets of Randal Homes Corporation's bankruptcy estate, and although the Bank had obtained relief from a stay, the Trustee had not "abandoned" the vehicles. See, Section 554, Title 11, U.S. Code.
 {¶ 8} Additionally, the Trustee contended that proceeds belonging to Randal Homes Corporation, and thus its bankruptcy estate, had been placed in a bank account under the name of Randal Sales and Marketing and were used to post the bond. The Trustee requested the trial court to hold the bond pending a determination by the bankruptcy court of whether the bond funds are property of the bankruptcy estate pursuant to Section 541, Title 11, U.S. Code.
 {¶ 9} Finding that a dispute exists concerning whether the bond funds are property of the bankruptcy estate, the trial court determined that the bankruptcy court has exclusive jurisdiction to decide the matter. See, Sections 157 and 1334(e), Title 28, U.S. Code; Section 105, Title 11, U.S. Code. The trial court ordered release of the bond funds to the Trustee, to be held in the bankruptcy estate's account until the bankruptcy court resolved the issue.
 {¶ 10} In their appeal of the trial court's order releasing the bond funds to the Trustee, appellants present the following assignments of error: (1) "[t]he trial court erred by not granting the defendant R.L. Netherton Enterprises, Inc.'s motion to release the replevin bond" and (2) "[t]he trial court had no authority to order the release of a replevin bond to a non party without a finding of ownership."
 II. Standing {¶ 11} Before we reach the merits of appellants' assignments of error, we must first address the issue of standing. The question of standing asks whether a litigant is entitled to have a court determine the merits of the issues presented to the court. See Ohio ContractorsAssn. v. Bicking (1994), 71 Ohio St.3d 318, 320, citing Warth v. Seldin
(1975), 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343. The issue of standing is jurisdictional in nature and may be raised sua sponte by a court. See, Buckeye Foods v. Cuyahoga Cty. Bd. of Revision (1997),78 Ohio St.3d 459, 460; Warren Cty. Park Dist. v. Warren Cty. BudgetComm. (1988), 37 Ohio St.3d 68.
 {¶ 12} It is uncontroverted that Randal Sales and Marketing posted the bond. It is also undisputed that Randal Sales and Marketing is not a party to this action and did not file or join in the motion to release the bond it posted. Instead, the motion for release of the replevin bond was filed solely by Robert Netherton and R.L. Netherton Enterprises, Inc., two of the three party defendants in this action.
 {¶ 13} Only the person or entity who posted a bond has a beneficial interest in its release and standing to maintain an action for release of the bond or to contest the court's disposition of the bond. See, Walterv. Boes, Hancock App. No. 5-01-07, 2002-Ohio-2200; State ex rel. Gainesv. Lake Cty. Clerk of Courts (Jun. 13, 1997), Lake App. No. 97-L0-45.
 {¶ 14} Furthermore, only a party aggrieved or prejudiced by a final order may perfect an appeal. Midwest Fireworks Mfg. Co. v. DeerfieldTwp. Bd. of Zoning Appeals (2001), 91 Ohio St.3d 174, 177; Ohio ContractCarriers Assn., Inc. v. Pub. Util. Comm. (1942), 140 Ohio St. 160, syllabus. The burden is on the appellant to establish that he or she is an aggrieved party whose rights have been adversely affected by the order appealed. State v. Senz, Wayne App. No. 02CA0016, 2002-Ohio-6464, ¶ 5, citing Ohio Contract Carriers Assn., supra, and Tschantz v. Ferguson
(1989), 49 Ohio App.3d 9, 13.
 {¶ 15} Although appellants make a general claim that the trial court denied them due process in ordering that the bond funds be given to the Trustee, appellants have not stated, let alone demonstrated, specifically how they have been injured or prejudiced by the trial court's order releasing the bond funds to the Trustee. See, Walter, supra, citing Ahrnsv. SBA Communications Corp. (Sept. 28, 2001), Auglaize App. No. 2-01-13 (requiring a party to demonstrate an injury in fact to maintain standing).
 {¶ 16} Because appellants did not post the bond at issue and have not demonstrated either how they have suffered injury in fact or how their rights have been adversely affected by the trial court's disposition of the replevin bond, appellants lack standing to appeal the trial court's order releasing the bond to the Trustee. Accordingly, we dismiss the appeal in this case for lack of jurisdiction to decide the merits of the appeal.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. McFarland, J.: Concur in Judgment and Opinion.