In the Matter of SEATRADE CORPORA-TION et al., Debtors.

TURNER & BLANCHARD, INC., Petitioner-Appellant,

v.

Theodore W. KHEEL and Raymond J. Skully, Trustees, Respondents-Appellees.

No. 441, Docket 29506.

United States Court of Appeals Second Circuit.

Argued April 21, 1965.

Decided May 17, 1965.

786

Julius L. Goldstein, New York City, for petitioner-appellant.

Carolinda Waters, of Webster, Sheffield, Fleischmann, Hitchcock & Chrystie, New York City, for respondents-appellees.

Before KAUFMAN, HAYS and ANDERSON, Circuit Judges.

PER CURIAM:

Turner & Blanchard, Inc. ("T&B"), appeals from a District Court order affirming the denial, by a Referee in Bankruptcy, of its claim against the trustees of A. H. Bull Steamship Co., Inc. ("Debtor"), for $58,935.38. The sum, sought as an expense of administration, 11 U.S.C. § 104, sub. a(1), represents the reasonable rental value of certain pier space used to store Debtor's property during the one-year period following its bankruptcy. In March 1962, T&B, a stevedoring contractor, became the sublessee of a portion of the Bull Line Terminal, Pier 21, in Brooklyn, N. Y.— owned by one subsidiary of Debtor and leased to another subsidiary. Simultaneously, T&B became the exclusive stevedoring contractors for Debtor's enterprises, giving birth to a cooperative venture in connection with the use of the Terminal. Thus, when T&B took possession, part of the pier contained some of Debtor's equipment used in the berthing, loading, and discharging of vessels, and that space continued to be used during the period of this dispute to store this property.

Although the joint enterprise terminated when Debtor ceased operations in December 1962 and, on March 19, 1963, filed a petition under Chapter XI of the Bankruptcy Act, the stevedore neither notified Debtor's trustees that they would be liable for the rental value of the pier space used for the storage nor billed them for the use of the space until October 1963. The trustees refused to satisfy this bill, contending that Debtor and its subsidiaries never agreed to pay the stevedores rent for the area occupied by their equipment; they interposed the same defense when T&B unsuccessfully sought relief from the Referee. With full support in the record, the Referee found no landlord-tenant relationship

between T&B and Debtor; furthermore, he found that no damages had been suffered by T&B because there was no evidence that it intended to put the space to any profitable use and the stored property at no time impeded its operations. Accordingly, he rejected T&B's claim.

We agree that there is neither legal nor equitable basis for relief. T&B is barred from recovery on its contention that, by virtue of Debtor's bankruptcy, it became a landlord entitled to reasonable rent from Debtor as tenant. The proscription is found in Section 220 of the New York Real Property Law, Consol. Laws, c. 50, which requires that the landlord's claim to reasonable compensation for use and occupation be rooted in an agreement, written or oral. The record not only fails to establish a landlord-tenant relationship between stevedore and Debtor, but there is not a scintilla of evidence of any agreement from which a right to receive reasonable compensation for use and occupation might be derived. See Preston v. Hawley, 139 N.Y. 296, 34 N.E. 906 (1893); Dawson & Palmer, Cases on Restitution 25 (1958).

Nor can any right to recover be derived from equitable principles of restitution. Even if we accept, *arguendo*, T&B's contention that a constructive bailor-bailee relationship existed between the parties, the resulting bailment would be, at best, gratuitous and could not form the basis of an obligation to compensate T&B as bailee. Brown, Law of Personal Property § 89 (2d ed. 1955); Dobie, Bailments & Carriers § 23 (1914). Moreover, since restitutionary remedies are basically equitable in nature, it was a proper exercise of discretion to deny the requested relief which would have come as a windfall to the undamaged stevedore at the expense of Debtor's general creditors in the bankruptcy proceeding.

Affirmed.

HAYS, Circuit Judge (concurring in the result):

I concur in the result.