SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

QUING N. WONG, Josiah M. Scott and Thomas R. Gomez, Jr., Defendants,

Puerto Rico Capital Corporation, a nominal defendant.

Civ. A. No. 375–65.

United States District Court
D. Puerto Rico.

Aug. 24, 1967.

See also, D.C., 254 F.Supp. 66.

600

Meyer Eisenberg and David J. Myerson, Washington, D. C., for plaintiff.

Ralph L. Halpern and Frank G. Raichle, Buffalo, N. Y., William Schurtman, New York City, A. J. Amadeo Murga, Stanley Feldstein, San Juan, P. R., for defendant.

## ORDER

CANCIO, Chief Judge.

This cause has been submitted on oral arguments and briefs on motion of Miguel A. González as duly appointed Receiver of Puerto Rico Capital Corporation for substitution in lieu of Puerto Rico Capital Corporation, the nominal defendant, and for realignment as a party plaintiff.

Insofar as substitution is concerned, there appears to be no valid reason why the Receiver should not be substituted for the nominal defendant in this action. By order of this Court dated November 10, 1965, the Receiver was charged with the duty of assuming control of and taking over the management and operation and custody of the business of Puerto Rico Capital Corporation, and of pursuing and preserving all of its claims. There has been in effect a transfer of interest to the Receiver and the substitution is therefore proper. Rule 25(c) of the Federal Rules of Civil Procedure, 28 U.S.C.; Altoona Clay Products, Inc. v. Dun & Bradstreet, Inc., 37 F.R.D. 460 (W.D.Pa.1965) ; American Fidelity & Casualty Co. v. All American Bus Lines, Inc., 190 F.2d 234 (10 Cir. 1951), certiorari denied 342 U.S. 851, 72 S.Ct. 79, 96 L.Ed. 642 (1951).

The Receiver has also requested the Court to realign him as a party plaintiff. The parties have extensively briefed and argued the realignment and related questions. Some of the issues raised do not require resolution at this time, if at all.

The nature of this action has heretofore been analyzed in relation with motions of the defendants attacking the sufficiency and form of the complaint. Securities and Exchange Commission v. Quing N. Wong, 252 F.Supp. 608 (D.P.R. 1966). The position of the Receiver, proponent of the present motion, has been clear since shortly after his appointment. As the defendants opposing the present motion point out, the answer of the nominal defendant was filed after the

appointment of the Receiver. That answer admitted all of the allegations of the complaint, except with respect to the defendant, Thomas R. Gomez, Jr., and sought restitution to the nominal defendant by the other defendants. Thus the nominal defendant clearly aligned itself with the plaintiff in this action from the outset, if the parties' true interests are considered and not merely their positions in the caption of the case.

This court has discretion to add or drop parties. Rule 21, Federal Rules of Civil Procedure, 28 U.S.C. In this action no relief is sought against Puerto Rico Capital Corporation, as is obvious from its designation as a nominal defendant. The position of the Receiver is, of course, the same as that of the party for whom he is substituted. That the Receiver could join as a party plaintiff is clear, even though he is not interested in obtaining all the relief demanded. Rule 20, Federal Rules of Civil Procedure, 28 U.S.C. The Court is of the opinion that the sound exercise of discretion requires that the motion for realignment be granted because there is no bar to such action and no substantial prejudice will result.

The situation presented is analogous to that presented in Independent Wireless Telegraph Co. v. Radio Corporation, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926). Had the nominal defendant here been joined as co-plaintiff in the complaint, as originally filed, there could have been no objection. Since the Court may line up a party defendant in the party character which he should assume, *Independent Wireless*, supra, such relief should be granted where specifically requested by the party to be so realigned.

Defendants assert that the motion should be denied because the Commission's complaint will not state a cause of action upon which the Receiver can recover under Section 36 of the Investment Company Act of 1940, 15 U.S.C. § 80a–35. This denial of the existence of a private right of action under Section 36 rests primarily on Brouk v. Managed Funds, Inc. (8 Cir. 1961), 286 F.2d 901, vacated as moot (1962), 369 U.S. 424, 82 S.Ct. 878, 8 L.Ed.2d 6. But, the Supreme Court's subsequent decision in J. I. Case Co. v. Borak, (1964), 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423, casts considerable doubt on the soundness of the *Brouk* decision,[1] and there is substantial authority reaching a contrary conclusion. Levitt v. Johnson, (1 Cir. 1964), 334 F.2d 815 (by implication), certiorari denied (1962), 379 U.S. 961, 85 S.Ct. 649, 13 L.Ed.2d 556; Brown v. Bullock (S.D.N.Y., 1961), 194 F.Supp. 207, affirmed on narrower grounds (2 Cir. 1961), 294 F.2d 415; Entel v. Allen (S.D.N.Y., January 31, 1967), 270 F. Supp. 60 (motion to reargue pending). The policy which has impelled the courts, including the Court of Appeals for this Circuit in *Levitt*, 334 F.2d at 819, to recognize private rights of action under the federal securities laws and particularly under the Investment Company Act, is equally applicable to actions involving Section 36. After careful consideration the correct view would thus appear to be that a violation of Section 36 does give rise to a private right of action under the Act.

For the foregoing reasons, the motion of the Receiver for substitution and realignment should be and hereby is granted. The cause will continue with the Receiver as co-party plaintiff.

---

1. *Brouk* is principally based upon Howard v. Furst (2 Cir. 1956), 238 F.2d 790, certiorari denied (1957), 353 U.S. 937, 77 S.Ct. 814, 1 L.Ed.2d 759, which was overruled by the Supreme Court in J. I. Case Co. v. Borak, and by the Court of Appeals for the Second Circuit in Studebaker Corp. v. Gittlin (1966), 360 F.2d 692.