412 F.2d 221
 Deborah TANZER
v.
Robert H. HUFFINES, Jr., Edward Krock, Victor Muscat, Defiance Industries, Inc., and B. S. F. Company.
Defiance Industries, Inc., and B.S. F. Company, Appellants.
 No. 17738.
 United States Court of Appeals Third Circuit.
 Argued May 22, 1969.
 Decided June 10, 1969.
 Certiorari Denied October 20, 1969.
 
 See 90 S.Ct. 154.
 Bruce M. Stargatt, Young, Conaway, Stargatt & Taylor, Wilmington, Del., (H. Albert Young, Jack B. Jacobs, Wilmington, Del., Murray I. Gurfein, Goldstein, Gurfein, Shames & Hyde, New York City, on the brief), for appellants.
 Irving Morris, Cohen, Morris & Rosenthal, Wilmington, Del., (J. A. Rosenthal, Wilmington, Del., Benedict Wolf, Paul L. Ross, Howard L. Jacobs, Wolf, Popper, Ross, Wolf & Jones, New York City, of counsel on the brief) for appellees.
 Before FREEDMAN, SEITZ and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 Appellants were objectors below to an order of the district court authorizing the Receiver pendente lite to sell the controlling stock which the receivership corporation owned in another corporation. They assert here that the sale was unnecessary and, that in any event, the sale should be invalidated because the procedure adopted was fatally defective and grossly prejudicial to the stockholders. It is agreed that a pendente lite receiver may be authorized to sell assets of the receivership estate if the requisite showing is made. We turn briefly to the facts pertinent to the sale.
 
 
 2
 The receivership corporation has virtually no cash. It is also in default in its obligations to the extent of approximately $300,000. Nearly all of its assets have been pledged as collateral to secure its liabilities. Furthermore, in December of 1969, about $800,000 worth of its debentures will mature. More than 2/3 of the shares here in issue are pledged against such debentures. In these circumstances, it was incumbent upon the receiver to attempt to find a solution to the corporation's dire financial problems. To that end the Receiver investigated the possibility of a sale of the securities in question. The possibility that the stock might be available for purchase was well known in the financial community. Indeed, the first purchase offer at $16.00 per share came from defendant below, Victor Muscat, who controls appellants as well as the corporation whose stock was ordered sold by the district court. For a discussion of the role of Victor Muscat in these proceedings, see Tanzer v. Huffines, 287 F. Supp. 273 (D.Del.1968), aff'd., 408 F.2d 42 (3rd Cir., 1969). The Receiver rejected the Muscat offer and later entered into a contract to sell the stock in question to the Seagrave Corporation at $20.25 per share. However, the agreement was made expressly contingent upon approval by the district court on or before December 24, 1968. In view of the deadline, the Receiver requested accelerate approval of the Seagrave offer. By order dated December 10, 1968, the district court fixed a hearing on the offer for December 20, 1968, and directed that notice be given to the stockholders of the corporation as well as to all parties to the litigation and to others designated in the order. During the course of the December 20 hearing the district court made it known that it would welcome other bidders and continued the hearing until December 23, 1968. At the adjourned hearing it was decided that the property would be sold but that the parties could submit bids up to 4:00 p. m. on December 23. When the bids were received the court approved as the highest unconditional bid that of David Morgan and Carl Glickman amounting to somewhat over $24.00 per share. It is the order approving that sale which is now on appeal.
 
 
 3
 Appellants first contend that the sale was unnecessary because the corporation's debt structure could have been refinanced or other assets of the corporation could have been sold. We have reviewed the evidence pertinent to these contentions and we are entirely satisfied that the district court did not abuse its discretion in concluding that there was "a definite and pressing need for the sale of this stock." We cannot share the appellant's sanguine view as to the feasibility of other less drastic solutions to the company's financial crisis.
 
 
 4
 Appellants next contend that the procedure under which the sale was conducted requires its disapproval. Appellants rely primarily upon 28 U.S.C. § 2004, which incorporates § 2001 by reference. Those sections contemplate compliance with certain procedures designed to protect the best interest of the estate (e. g., a notice requirement) before a district court may order a sale such as the one in question here, "unless the court orders otherwise." It is agreed that here the district court did order otherwise, and the issue is whether it was justified in so doing.
 
 
 5
 We think it is clear that the federal statute does express a preferential course to be followed in connection with a court authorized sale of property and that the district court should not order otherwise except under extraordinary circumstances. We nevertheless recognize that where, as here, the court does proceed apart from the statute the test is still one of whether there has been an abuse of discretion in the circumstances.
 
 
 6
 We think the district court was justified in expediting the hearing in this case primarily because of the financial condition of the corporation and the deadline fixed by the offeror. Moreover, the court, in order to insure that the receivership estate was getting full value, did use the additional time available to permit even higher offers. While the lack of an independent financial appraisal justifying the price causes us some concern, we believe the importance of such an appraisal in this case is outweighed by the other evidence tending to show that the best price under the circumstances was obtained for the stock. Indeed, the appellants do not articulate a formula which shows that the price received does not represent the fair value of the stock. This is particularly significant here since Victor Muscat was the dominant force in the corporation whose shares were being sold and thus was in a position to testify as to value. We cannot say, therefore, that the district court abused its discretion in authorizing the sale under the facts in this record.
 
 
 7
 The order of the district court authorizing the sale of the stock will be affirmed.