**Deborah TANZER, Plaintiff,**

**v.**

**Robert H. HUFFINES, Jr., Edward Krock, Victor Muscat, Defiance Industries, Inc., American Steel and Pump Corporation, Wright Machine Corporation and B. S. F. Company, Defendants.**

**Civ. A. No. 3166.**

United States District Court, D. Delaware.

June 18, 1970.

As Amended June 22, 1970.

Irving Morris and Joseph A. Rosenthal, of Cohen, Morris & Rosenthal, Wil-mington, Del., Paul L. Ross, Benedict Wolf, and Howard L. Jacobs, of Wolf, Popper, Ross, Wolf & Jones, New York City, of counsel, for plaintiff.

Henry M. Canby and Richard F. Balotti, of Richards, Layton & Finger, Wilmington, Del., William R. Glendon, New York City, of counsel, for defendant Robert H. Huffines, Jr.

David A. Drexler, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., William J. Kenney, of Maguire & Tucker, Washington, D. C., of counsel, for defendant Edward Krock.

Howard M. Handelman, of Bayard, Brill & Handelman, Wilmington, Del., Murray I. Gurfein, and Mel P. Barkan, New York City, of counsel, for defendant Victor Muscat.

H. Albert Young and Bruce M. Stargatt, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for defendant Defiance Industries, Inc.

## OPINION

CALEB M. WRIGHT, Chief Judge.

Plaintiff is a stockholder of the B.S.F. Company (BSF), a Delaware corporation registered under the Investment Company Act of 1940, 15 U.S.C. § 80a–1 et seq. (the Act) since September 26, 1962, as a non-diversified closed-end management investment company. She brings this action derivatively for BSF and double derivatively for Wright Machine Corporation (Wright), a wholly owned Massachusetts subsidiary of BSF. Defendants Huffines, Krock, and Muscat are individuals, and defendant Defiance Industries, Inc. (Defiance) is a corporation existing under the laws of the state of Ohio.

Defendants have moved to dismiss the amended and supplemental complaint, and, in the alternative, certain portions of it, for failure to state a claim upon which relief can be granted and for lack of jurisdiction over the subject matter. Fed.R.Civ.P. 12(b) (1) and (6).

The complaint asserts jurisdiction in this Court under § 44 of the Act, § 27 of the Securities Exchange Act of 1934, 15

U.S.C. § 78a et seq. (the Exchange Act), and under principles of pendent jurisdiction of state law claims. Plaintiff charges that the individual defendants, having control of defendant Defiance, its subsidiaries and other corporations, gained and used control of BSF to further

> " * * * a plan or scheme to secure control of companies in order to install themselves as directors, and sometimes as officers, and to secure for themselves the salaries, bonuses, stock options, pension rights and other benefits and emoluments which a controlling position would enable them to secure; and to utilize the assets of such companies to acquire control of still other companies for the benefit of Defiance and themselves for the purpose of diverting profits and corporate opportunities to Defiance and themselves, all in disregard of the welfare and future of the controlled companies as going business entities, and to the detriment of said controlled companies." (Complaint ¶ 10.)

The complaint charges that the acts set forth therein violated the Act, in that they constituted:

> " * * * an unlawful and wilful conversion of BSF's property, monies and assets by the individual defendants in violation of Section 37 of the Act, as well as gross abuse of trust, gross misconduct, wilful misfeasance, bad faith, gross negligence or reckless disregard of official and contractual duties, in violation of the duties imposed by Sections 1(b) (2), (4) and 36 of the Act." (Complaint ¶72.)

The complaint also asserts that certain of the transactions were violations of Sections 36 and 37 of the Act, of Section 17 of the Act, and of Section 10(b) and 14 of the Exchange Act and regulations promulgated under both acts, and that all of them were violations of state law fiduciary duties.

The transgressions alleged in the complaint commence with defendants' acquisition of control of BSF in August, 1962, and extend over a period of roughly five years. They are numerous and will not be set out in full. The opinions of this Court and the Court of Appeals in earlier proceedings herein provide ample detail, *see* Tanzer v. Huffines, 287 F.Supp. 273 (D.Del.1968), 408 F.2d 42 (3d Cir. 1969), and 412 F.2d 221 (3d Cir. 1969).

## THE MOTIONS

Counsel for defendants present their arguments in two parts, since decision in their favor on their Motion Number One would simplify consideration of the issues raised by Motion Number Two.

Motion Number One urges that BSF has no standing to assert for itself a claim for the alleged excessive salaries, bonuses, and other emoluments paid by the companies of which it was a shareholder. Defendants read plaintiff's complaint to assert a right to recover for BSF's own treasury sums wrongfully drawn from subsidiary corporations. Basic principles of standing and corporate identity discredit such a theory on its face, say defendants, and to the extent that the complaint seeks such a recovery, it should be dismissed. See E. M. Fleischmann Lumber Corp. v. Resources Corp. International, 105 F.Supp. 681 (D.Del.1952); Keenan v. Eshleman, 23 Del.Ch. 234, 2 A.2d 904 (1938); Henry v. General Motors Corp., 236 F.Supp. 854 (N.D.N.Y.1964).

Motion Number Two treats the allegations in the complaint more specifically. Defendants argue first that plaintiff's reliance on Section 36 of the Act is misplaced, for no private right of action is implied therein. They urge that inasmuch as the "causes of action" in the complaint depend on Section 36, the Court has no jurisdiction over them and they are not claims upon which relief can be granted. See Brouk v. Managed Funds, Inc., 286 F.2d 901 (8th Cir. 1961).

Secondly, defendants contend that, if BSF is denied standing in its claims for sums paid by portfolio companies, no allegation remains significant enough to

be considered a violation of Section 37 of the Act. Alternatively, if the motion is not granted, the complaint does not spell out such a willful conversion as would be an "indictable offense," necessary to sustain a claim under Section 37.

Thirdly, defendants urge that, since no claim on which relief can be granted has been stated under Sections 36 and 37 of the Act, pendent jurisdiction of the state claims should not be exercised herein. Alternatively, if it be held that claims are stated under the Act, they ask that the Court nevertheless dismiss the state claims, because under United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the state issues predominate and are better left to state tribunals.

Defendants contend finally in their Motion Number Two that no claims are stated for violation of Section 17 of the Act.

## JURISDICTION

In Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1945), the Supreme Court said, "Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy." This Court must, therefore, turn first to the attack on its jurisdiction over the subject matter of the controversy.

The complaint seeks relief under the laws of the United States. In The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913), the Court said, "[T]he party who brings a suit is master to decide what law he will rely upon, and * * * determines whether he will bring a 'suit arising under' the * * * (Constitution or laws) of the United States by his declaration or bill." The claims made here are not immaterial,

nor does it appear that they are made for the sole purpose of obtaining federal jurisdiction or that they are frivolous. Although a split of authority exists as to the availability of private actions under the Act in general and Section 36 in particular, the cases largely support plaintiff's position. Brown v. Bullock, 194 F.Supp. 207 (S.D.N.Y.1961), aff'd 294 F.2d 415 (2d Cir. 1961); SEC v. Quing N. Wong, D.C., 42 F.R.D. 599 (1967); Esplin v. Hirschi, 402 F.2d 94 (10th Cir. 1968); Brown v. Eastern States Corp., 181 F.2d 26 (4th Cir. 1950); V Loss, Securities Regulation 2899. But cf. Brouk v. Managed Funds, Inc., 286 F.2d 901 (8th Cir. 1961); Cogan v. Johnston, 162 F.Supp. 907 (S.D. N.Y.1958).

This Court concludes that it has jurisdiction of the action.[1] Since the exercise of pendent jurisdiction may depend on disposition of the claim under federal law, United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), decision on the invocation of pendent jurisdiction herein follows determination of that claim.

## THE COMPLAINT STATES A CLAIM ON WHICH RELIEF CAN BE GRANTED

A complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. 2A Moore, Federal Practice ¶ 12.08, pp. 2271–2274. Unless defendants show that the complaint could not support relief under any theory, if all facts alleged were proved and all favorable inferences drawn, the motions must fail.

Defendants do not seriously urge that no private rights are implied or created in the Act. They attack on the theory that in order to state a violation of Sec-

---

[1] Defendants do not attack jurisdiction over private actions under the sections of the Exchange Act relied on by plaintiff. They assert that the causes of action depend on a private right of action under Section 36 of the Act. Muscat Memorandum in support of Motion Number Two, p. 2.

tion 37, the complaint must set forth a "willful conversion" sufficient to support an indictment and that it has not done so, and that private persons have no right of action under Section 36.

Section 37 reads as follows:

## "LARCENY AND EMBEZZLEMENT

Sec. 37. Whoever steals, unlawfully abstracts, unlawfully and wilfully converts to his own use or to the use of another, or embezzles any of the moneys, funds, securities, credits, property, or assets of any registered investment company shall be deemed guilty of a crime, and upon conviction thereof shall be subject to the penalties provided in section 49. A judgment of conviction or acquittal on the merits under the laws of any State shall be a bar to any prosecution under this section for the same act or acts."

In Brown v. Bullock, 294 F.2d 415, 419 (2d Cir. 1961), the court stated that a complaint does not allege violation of § 37 "unless its substance would support an indictment." The court went on to hold, however, that the complaint there met the requirement. Brown's complaint alleged that certain individual defendants and the management company caused the investment company to pay excessive fees to the management company. Those defendants and the management company controlled and dominated the board of the Fund and insured that the terms of the management contract would receive no scrutiny. The fees paid pursuant to that contract were alleged to be excessive and out of proportion to the services performed. Defendants argued that if the claims were made out they would constitute only a cause of action for waste of corporate assets under Maryland law, not a willful conversion.

■ The court said that willful conversion under the statute is broader than the "larceny and embezzlement" indicated in the title. Conversion, as used in the Act, includes misuse or abuse of property. It also includes use in an unauthorized manner or to an unauthorized extent of property placed in one's custody for limited use. See Morissette v. United States, 342 U.S. 246, at 271–272, 72 S.Ct. 240, 96 L.Ed. 288 (1952). Inasmuch as the complaint charged that defendants were tools of the management company and that they acted in its interest rather than in the interest of the Fund, payment of excessive fees under the contract constituted a conversion.

In the instant case, plaintiff alleges that defendants used assets of BSF to buy and maintain control of portfolio companies, and that, having gained such control, they used it to cause excessive salaries, bonuses, and other emoluments to be granted themselves. If approval of payments to the management company with knowledge that they bear no relation to the value of services rendered constitutes a willful conversion, *a fortiori* the use of corporate funds to finance one's private scheme for gain satisfies the definition. The complaint thus states a violation of Section 37 under the principles articulated in Brown v. Bullock, supra. See also Levitt v. Johnson, 334 F.2d 815 (1st Cir. 1964); Entel v. Allen, 270 F.Supp. 60 (S.D.N.Y.1967).

Since the complaint is thus sufficient under Section 37, it is not necessary to determine at this stage whether plaintiff may also have relief under Section 36. The Court believes, however, that Section 36 provides an alternative basis for sustaining the complaint, and, inasmuch as the availability of that section will undoubtedly be an issue at trial, no interest is served by refraining from deciding it now.

Section 36 of the Act provides:

## "INJUNCTIONS AGAINST GROSS ABUSE

Sec. 36. The Commission is authorized to bring an action in the proper district court of the United States or United States court of any territory or other place subject to the jurisdiction of the United States, alleging that a person serving or acting in one or more of the following capacities

---

**195**

has been guilty, after the enactment of this title and within five years of the commencement of the action, of gross misconduct or gross abuse of trust in respect of any registered investment company for which such person so serves or acts:

(1) as officer, director, member of an advisory board, investment adviser, or depositor; or

(2) as principal underwriter, if such registered company is an open-end company, unit investment trust, or face-amount certificate company.

If the Commission's allegations of such gross misconduct or gross abuse of trust are established, the court shall enjoin such person from acting in such capacity or capacities either permanently or for such period of time as it in its discretion shall deem appropriate."

Defendants argue that it would be improper to find an implied right of private action in the section, because it is by its terms limited to injunctions by the Commission and, unlike other sections of the Act, makes nothing "unlawful." If Congress had intended to give private individuals the right to sue for gross misconduct or gross abuse of trust, they say, it would have done so in much less uncertain language.

Although the Court of Appeals did not find it necessary to decide whether Section 36 provided relief to private litigants in Brown v. Bullock, supra, the court below had dealt extensively with the issue. In a lengthy and well reasoned opinion, Judge Herlands considered the arguments made by defendants here and rejected them. Brown v. Bullock, 194 F.Supp. 207 (S.D.N.Y. 1961). This Court agrees with Judge Herlands' analysis and conclusions, and likewise holds that private parties may resort to the federal courts for relief from gross abuses of trust and gross misconduct on the part of directors of registered investment companies.[2] It expresses its respectful disagreement with the holding to the contrary in Brouk v. Managed Funds, Inc., 286 F.2d 901 (8th Cir. 1961), and notes that that circuit has since doubted its holding in light of J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964). See Greater Iowa Corp. v. McLendon, 378 F.2d 783 (8th Cir. 1967).

Defendants do not argue that the complaint fails to set out facts sufficient to constitute a violation of Section 36. The Court is convinced that the conduct described here indicates, in the words of Judge Layton, "an almost flagrant disregard for the affairs of the BSF Company," Tanzer v. Huffines, 287 F.Supp. at 276, and that, if proven, it constitutes gross abuse of trust and gross misconduct on the part of defendants. See Aldred Inv. Trust v. SEC, 151 F.2d 254 (1st Cir. 1945).

The Court now turns to defendants' motions to dismiss or strike parts of the complaint. In their briefs and at oral argument, defendants urge the Court to divide the complaint into causes of action and deal separately with each transaction set forth. They evaluate each of the transactions they identify in the allegations and would have the Court dismiss those which will not independently support relief.

Defendants misconceive the nature of the complaint. Although plaintiff alleges that certain specific transactions constitute violations of the law, the complaint makes only one claim for relief. Its theory is that all the acts were part of a scheme. It would be improper to strike such allegations when " * * * all of the facts on which plaintiff relies constitute but a single transaction composed of a closely related series of occurrences." Schwartz v. Eaton, 264 F.2d

---

2. See also SEC v. Quing N. Wong, 42 F.R.D. 599 (D.P.R.1967); Entel v. Allen, 270 F.Supp. 60 (S.D.N.Y.1967); Lutz v. Boas, 39 Del.Ch. 585, 171 A.2d 381 (1961); Breswick & Co. v. Briggs, 135 F.Supp. 397 (S.D.N.Y.1955), and see V Loss, Securities Regulation, 2893–2905.

195, 196 (2d Cir. 1959). The acts alleged to be in violation of specific statutes do not constitute separate "claims," but, although perhaps independently actionable, are relied on as part of a set of operative facts " * * * giving rise to one or more legal rights." Id., at 196. Having sustained the theory of the complaint, the Court could not now narrow the issues or restrict the evidence to be offered by dealing seriatim with the specific transactions.

■ Since the complaint states a claim for relief under federal law, pendent jurisdiction may be exercised if it does not appear that "state issues substantially predominate." The Court does not find that the questions of state law to be encountered are so complex or novel or that they will so predominate " * * * in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedies sought * * * " that they should be dismissed for resolution by a state court. United Mine Workers v. Gibbs, supra, 383 U.S. at 726, 86 S.Ct. at 1139. Personal jurisdiction over all defendants is proper for all claims. Townsend Corporation of America v. Davidson, 222 F.Supp. 1 (D. C.N.J.1963); Schwartz v. Eaton, supra.

### BSF HAS STANDING TO SUE

■ BSF has a right to recover provable damages sustained by it resulting from the conduct alleged. At trial plaintiff will be put to her proof on the issue of damages, and, as was said in Schwartz v. Eaton, supra at 197, " * * * the trial judge will * * * be * * * obligated to grant * * * the relief to which [she] proves [herself] entitled." Defendants' contention that BSF may not claim damages sustained only by the portfolio companies, falls short of demonstrating that plaintiff is entitled to no relief at all. The complaint alleges injury and damage directly to BSF and it is sufficient for this motion that it does not appear to a certainty that such damages will not be shown.

■ Nor are damages the only relief sought. Plaintiff also requests an accounting for profits and other enrichment obtained by defendants as a result of their transgressions. Such relief has been deemed appropriate upon a showing that fiduciaries of investment companies used their positions of trust for their own ends. Schwartz v. Bowman, 156 F.Supp. 361 (S.D.N.Y.1957). It is not inconsistent or duplicative to force fiduciaries to disgorge profits obtained by subordinating the corporate interest to their own and to compensate for damages caused by the same acts. Gerdes v. Reynolds, 30 N.Y.S.2d 755 (Sup.Ct.N.Y. 1941). Otherwise the benefits of their conduct might still outweigh the costs.

### THE COMPLAINT STATES A CLAIM AGAINST DEFIANCE INDUSTRIES, INC.

■ The corporate defendant Defiance Industries, Inc., occupies a different role in the transactions alleged than do the individual defendants. It urges the Court to dismiss as against it all the allegations unrelated to the sole transaction in which it is alleged to have directly participated or to have profited. It is true that the complaint does not reveal any benefit received by Defiance other than the management contract with BSF's subsidiary Wright. As indicated earlier, however, the complaint states only one claim. It asserts it jointly and severally against all defendants, and it is sufficient to withstand a motion to dismiss. It would serve no purpose to attempt to segregate Defiance's potential liability from that of the other defendants at this point. Defiance's motion is denied without prejudice to the right to renew it prior to or during the trial of this action.

Plaintiff will submit an order in accordance with this opinion.