**In re Frank J. EVANGELIST, Jr., Petitioner.**

No. 85–1015.

United States Court of Appeals, First Circuit.

Heard March 4, 1985.

Decided April 25, 1985.

See also, D.C., 554 F.Supp. 87.

Richard M. Meyer, New York City, with whom Avram G. Hammer, Boston, Mass., and Milberg, Weiss, Bershad, Specthrie & Lerach, New York City, were on petition for writ of mandamus.

James S. Dittmar, Boston, Mass., with whom Gordon P. Katz, Leanne Berge and Widett, Slater & Goldman, P.C., Boston, Mass. (for Fidelity Management & Research Company), and Peter M. Saparoff and Gaston, Snow & Ely Bartlett, Boston, Mass. (for Fidelity Cash Reserves), were on brief in opposition for writ of mandamus.

Before CAMPBELL, Chief Judge, BREYER, Circuit Judge, and RE,* Judge.

BREYER, Circuit Judge.

The petitioner, Frank Evangelist, is a shareholder of Fidelity Cash Reserves. He sued Fidelity and its investment adviser under 15 U.S.C. § 80a–35(b), claiming that Fidelity was paying the adviser too large a fee. The district court ruled that Evangelist's claim was basically "equitable," not "legal" in nature, and that Evangelist was therefore not entitled to a trial before a jury. Evangelist asks us to issue a writ of mandamus to compel a jury trial. *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 472, 82

* Chief Judge of the United States Court of International Trade, sitting by designation.

S.Ct. 894, 897, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 511, 79 S.Ct. 948, 957, 3 L.Ed.2d 988 (1959). The district court asked the right question—whether the claim is one 'at law' or 'in equity'—for the Seventh Amendment's guarantee of a right to a jury trial in civil cases extends only to suits at "common law," U.S. Const., Amend. VII; it does not include cases that courts would have considered as arising in equity prior to the merger of law and equity in 1938. *Pernell v. Southall Realty*, 416 U.S. 363, 375, 94 S.Ct. 1723, 1729, 40 L.Ed.2d 198 (1974). In our view, the district court also came up with the right answer. Petitioner is not entitled to a trial by jury here, for petitioner's claim is basically 'equitable' in nature.

## I

■ The statute under which the petitioner pursues his claim says that, on behalf of an investment company like Fidelity, the Securities and Exchange Commission or a shareholder can sue the company's investment adviser "for breach of fiduciary duty in respect of" the investment adviser's "compensation." (*See* Appendix, *infra*.) Two opinions in the Second Circuit (one by a district court and one by the circuit court of appeals) have thoroughly discussed the arguments for and against the conclusion that Congress intended (and constitutionally could intend) that the typical claim arising under this statute would be tried before a judge alone, without a jury. *Gartenberg v. Merrill Lynch Asset Management, Inc.*, 487 F.Supp. 999, 1005 (S.D.N.Y.), *mandamus denied sub nom. In re Gartenberg*, 636 F.2d 16 (2d Cir. 1980), *cert. denied*, 451 U.S. 910, 101 S.Ct. 1979, 68 L.Ed.2d 298 (1981). Both courts concluded that Congress intended (and could intend) a judge-tried action, basically for the following reasons.

First, the statute creates a near classical 'breach of fiduciary duty' cause of action. The statute refers to the standard that it imposes as one of "fiduciary duty"; it says that the action need not involve tortious conduct, 15 U.S.C. § 80a–35(b)(1) (no need to show "personal misconduct"); it does not require a showing of breach of contract, 15 U.S.C. § 80a–35(b)(2) (any contract will be given "such consideration as is ... appropriate"). Actions for breach of fiduciary duty, historically speaking, are almost uniformly actions 'in equity'—carrying with them no right to trial by jury. *Restatement of Restitution*, introductory note at 9 (1937) ("[E]quity still retains jurisdiction of nearly all situations involving a breach of fiduciary duty.").

Second, the statute's legislative history makes clear that Congress thought it was creating an action 'in equity.' *See* S.Rep. No. 91–184, 91st Cong., 1st Sess. (1969), *reprinted in* [1970] U.S.Code Cong. & Admin.News, at 4897, 4911 (section authorizes "an equitable action involving a claim of fiduciary duty"); H.Rep. No. 91–1382, 91st Cong., 2d Sess. (1970) at 38 (same); H.R. Conf.Rep. No. 91–1631, 91st Cong., 2d Sess. (1970), *reprinted in* [1970] U.S.Code Cong. & Admin.News at 4943 (section defines relationship governed by "equitable standards"); *cf.* Hearings before the Subcomm. on Commerce and Finance of the House Comm. on Interstate and Foreign Commerce, Nov. 12—Dec. 11, 1969, Serial No. 91–33 at 796, (statement of Judge Henry J. Friendly, stating, in reference to different bills designed to deal with the same subject, that "actions to recover unreasonable fees are equitable in nature, [and] would be tried to judges and not to juries").

Third, the remedy Congress created—the payment of any excess fee to the company—is similar to the traditional equity remedy of an "accounting," *see Baltimore Contractors, Inc. v. Bodinger*, 348 U.S. 176, 176, 75 S.Ct. 249, 249, 99 L.Ed. 233 (1955); *cf. Medtronic, Inc. v. Intermedics, Inc.*, 725 F.2d 440, 443–44 (7th Cir.1984) (discussing history and nature of equitable accounting); *see also* H. McClintock, *Handbook of the Principles of Equity* (2d ed. 1937) § 200 at 537 n. 2 (only one case of account at law in New York before 1842 and not more than a dozen in two centuries in England). Like other remedies of restitution, that remedy requires one owing a

fiduciary duty to pay to the beneficiary of that obligation—to "disgorge"—money taken in derogation of the duty. *Curtis v. Loether,* 415 U.S. 189, 197, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974). *See generally* E. Re, *Remedies* 298, 683–755 (1982); D. Dobbs, *The Law of Remedies* 222–78, 683–84 (1973).

On the other hand, we recognize that, against these three arguments, one can point to the appearance of the word "damages" in one of the statute's subsections. That subsection reads as follows:

> ... no damages or other relief shall be granted against any other person other than the recipient of such compensation or payments. No award of damages shall be recoverable for any period prior to one year before the action was instituted. Any award of damages against such recipient shall be limited to the actual damages resulting from the breach of fiduciary duty.

15 U.S.C. § 80a–35(b)(3). This use of the word "damages," as well as the limitation on recovery contained in the last sentence, distinguishes this action to a degree from traditional equitable monetary remedies like an accounting or other forms of restitution, for those equitable monetary remedies often include recovery of profits on the money the unfaithful fiduciary has taken; here the statute not only uses a word, "damages," that is traditionally associated with 'legal' remedies but also limits liability to the amount *taken* from the company. *See* S.Rep. No. 91–184, 91st Cong., 1st Sess. (1969), *reprinted in* [1970] U.S.Code Cong. & Admin.News, at 4911 (damages "may not exceed the amount of the payments received" by the investment adviser).

This limitation of recovery, however, is in fact neutral in respect to the issue before us. It makes the action look neither more "equitable" nor more "legal." Granted, insofar as the limitation prevents recovery of profits generated by any excess payment, it makes the action look less like an equitable 'accounting' and hence more like a 'legal' remedy. But, as the legislative his-

tory makes clear, the limitation also prevents the company from recovering any *special* damages that the excess payments may have caused. Insofar as it prevents the recovery of special damages in excess of the payments made by the investment company, the limitation makes the action look less like a 'tort' or 'contract' remedy and more like 'restitution,' which is conventionally understood as an 'equitable' remedy. *In re Seatrade Corporation,* 345 F.2d 785, 787 (2d Cir.1965) (per curiam) ("restitutionary remedies are basically equitable in nature").

In respect to the fact that the statute uses the *word* "damages," the district court in *Gartenberg, supra,* stated the following:

> [I]t seems likely from the context that Congress was using "damages" merely as a shorthand for "recovery of money," not as a legal term of art. Since ... not all claims for monetary relief are legal in nature, the use of the term "damages" is not persuasive in this instance. In particular, given the repeated statement in the legislative history that actions under § 36(b) are equitable, to be administered on equitable standards, it would seem impossible to conclude from the use of the word "damages" that Congress thereby provided for a trial by jury.

*Gartenberg v. Merrill Lynch Asset Management, Inc.,* 487 F.Supp. at 1006. We agree with the *Gartenberg* court. The simple use of the word "damages," in light of the other evidence of Congressional intent, is not sufficient to show that Congress intended to create an action 'at law' in the typical § 80a–35 case. And, the similarities between this action and classical equity actions—the first and third considerations mentioned above—show sufficient resemblance to classical pre-1938 actions in equity for accounting or restitution to allow the statute to pass muster under the Seventh Amendment. *Cf. Pernell v. Southall Realty, supra.*

In sum, we agree with the Second Circuit, for reasons more fully set out in the two *Gartenberg* cases. The plaintiff in a

typical § 80a–35 case—presenting a claim that rests solely upon breach of fiduciary duty—is not entitled to a jury trial.

## II

■ The remaining question in this case is whether the action before us, for some reason, falls outside the *Gartenberg* rationale. Petitioner makes two arguments that it does. First, he points out that his complaint asks for "damages." In *Gartenberg* plaintiff brought a derivative action on behalf of the company seeking repayment to the company of excess investment adviser fees. His prayer for relief, in relevant part, asked the court to require the adviser "to account to the Trust for all excessive advisory fees." In the case before us the petitioner has brought an identical action, alleging excessive fees that breach the adviser's "fiduciary duty to the Trust." The request for relief, however, does not use the word "account," but, instead, asks the court to require the adviser "to pay to the Trust its damages."

We can find no significant differences of any sort between the two complaints except that one uses the word "account" while the other uses the word "damages." And, in our view, the right to a jury trial cannot turn on the simple substitution of a different word. *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 477–78, 82 S.Ct. 894, 899–900, 8 L.Ed.2d 44 (1962) ("the constitutional right to a trial by jury cannot be made to depend on the choice of words used in the pleadings"); *cf. Medtronic, Inc. v. Intermedics, Inc.,* 725 F.2d at 443 ("a suit for damages is not equitable merely because the plaintiff describes his action as one for an accounting"). Otherwise, any equitable action for money, say for restitution, could become a legal action by the use of the word "damages" in place of the word "restitution."

Petitioner cites various cases in support of his argument that at least sometimes one can view a breach of fiduciary duty claim as setting forth an action at law, not in equity. We agree that *sometimes* this is so. Historically, a plaintiff under certain circumstances would occasionally bring an action for accounting *at law,* where, for example, no breach of fiduciary duty is at issue. *See, e.g., Restatement of Restitution* § 124, comment a and § 125, comment a (1937) (accounting by non-fiduciary for property received from third person). Conduct that breaches a fiduciary duty might *also* violate other legal rules; it might constitute a tort (such as fraud) or breach of contract. In each of the cases cited by petitioner, the relevant conduct was alleged to violate some such other legal principle, so it is not surprising that the courts viewed the complaint at issue as setting forth a claim for damages at law. *Ross v. Bernhard,* 396 U.S. 531 at 542, 90 S.Ct. 733 at 740, 24 L.Ed.2d 729 (1970) (breach of contract and gross negligence); *Bruce v. Bohanon,* 436 F.2d 733, 736 (10th Cir.1970), *cert. denied,* 403 U.S. 918, 91 S.Ct. 2227, 29 L.Ed.2d 694 (1971) (tortious misappropriation of trade information); *National Union Elec. Corp. v. Wilson,* 434 F.2d 986, 987–88 (6th Cir.1970) (conspiracy to defraud); *Halladay v. Verschoor,* 381 F.2d 100, 109 (8th Cir.1967) (fraudulent transactions); *DePinto v. Provident Security Life Ins. Co.,* 323 F.2d 826, 836–37 (9th Cir. 1963), *cert. denied,* 376 U.S. 950, 84 S.Ct. 969, 11 L.Ed.2d 970 (1964) (gross negligence: "Where a claim of breach of fiduciary duty is predicated upon underlying conduct, such as negligence, which is actionable in a direct suit at common law, the issue of whether there has been such a breach is … a jury question."); *Robine v. Ryan,* 310 F.2d 797, 798 (2d Cir.1962) (wrongful appropriation); *Kelly v. Dolan,* 233 F. 635, 637 (3rd Cir.1916) (negligence). Here, however, the claim is solely one for breach of fiduciary duty under § 80a–35. *Cf. Moses v. Burgin,* 445 F.2d 369, 384 (1st Cir.), *cert. denied sub nom. Johnson v. Moses,* 404 U.S. 994, 92 S.Ct. 532, 30 L.Ed.2d 547 (1971) (award of damages for gross misconduct under former § 80a–35); *Tanzer v. Huffines,* 314 F.Supp. 189, 196 (D.Del.1970) (allegations of gross misconduct under former § 80a–35 would allow relief both in damages and equitable accounting).

Second, petitioner argues that he has brought a different claim along with his § 80a–35 claim. This different claim charges misrepresentation, a classical tort action brought 'at law.' He says that this fact entitles him to a jury trial on both his (legal) misrepresentation charge and also his § 80a–35 claim.

■ This argument, however, suffers from three defects, each one of which is fatal. For one thing, joining a legal with an equitable claim does not give a plaintiff a right to a jury trial on the equitable claim. Rather, at most it gives the plaintiff a right to have the jury decide common issues of fact, and hence, it can provide a right to have the legal claim tried first. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 334–35, 99 S.Ct. 645, 653–54, 58 L.Ed.2d 552 (1979); *Ross v. Bernhard*, 396 U.S. at 540, 90 S.Ct. at 739; *Beacon Theatres, Inc. v. Westover*, 359 U.S. at 510, 79 S.Ct. at 956. Here, plaintiff has shown no common issues of fact.

■ For another thing, the district court here granted summary judgment for the defendant on the legal misrepresentation claim. Hence, there is nothing 'legal' to try first. Apparently, the petitioner intends to appeal the dismissal of his misrepresentation claim. But, we are aware of no authority giving a plaintiff the right to have a *dismissed* legal claim tried first (or tried at all) simply because it might be reinstated on appeal. And, to imagine such a right is to imagine an accompanying degree of administrative chaos.

Finally, the respondent here says, without contradiction, that the petitioner never raised this issue in the court below. Thus, in any event, we need not investigate it further. *Cf. Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 894 (1st Cir.1979).

For these reasons, the petition for writ of mandamus is *denied.*

## APPENDIX

### § 80a–35. Breach of fiduciary duty

(a) The Commission is authorized to bring an action in the proper district court of the United States, or in the United States court of any territory or other place subject to the jurisdiction of the United States, alleging that a person serving or acting in one or more of the following capacities has engaged within five years of the commencement of the action or is about to engage in any act or practice constituting a breach of fiduciary duty involving personal misconduct in respect of any registered investment company for which such person so serves or acts—

(1) as officer, director, member of any advisory board, investment adviser, or depositor; or

(2) as principal underwriter, if such registered company is an open-end company, unit investment trust, or face-amount certificate company.

If such allegations are established, the court may enjoin such persons from acting in any or all such capacities either permanently or temporarily and award such injunctive or other relief against such person as may be reasonable and appropriate in the circumstances having due regard to the protection of investors and to the effectuation of the policies declared in section 1(b) of this title [15 USCS § 80a–1(b)].

(b) For the purposes of this subsection, the investment adviser of a registered investment company shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services, or of payments of a material nature, paid by such registered investment company, or by the security holders thereof, to such investment adviser or any affiliated person of such investment adviser. An action may be brought under this subsection by the Commission, or by a security holder of such registered investment company on behalf of such company, against such investment adviser, or any affiliated person of such investment adviser, or any other person enumerated in subsection (a) of this section who has a fiduciary duty concerning such compensation or payments, for breach of fiduciary duty in respect of such compensation or payments paid by such registered investment company or by the security

holders thereof to such investment adviser or person. With respect to any such action the following provisions shall apply:

(1) It shall not be necessary to allege or prove that any defendant engaged in personal misconduct, and the plaintiff shall have the burden of proving a breach of fiduciary duty.

(2) In any such action approval by the board of directors of such investment company of such compensation or payments, or of contracts or other arrangements providing for such compensation or payments, and ratification or approval of such compensation or payments, or of contracts or other arrangements providing for such compensation or payments, by the shareholders of such investment company, shall be given such consideration by the court as is deemed appropriate under all the circumstances.

(3) No such action shall be brought or maintained against any person other than the recipient of such compensation or payments, and no damages or other relief shall be granted against any person other than the recipient of such compensation or payments. No award of damages shall be recoverable for any period prior to one year before the action was instituted. Any award of damages against such recipient shall be limited to the actual damages resulting from the breach of fiduciary duty and shall in no event exceed the amount of compensation or payments received from such investment company, or the security holders thereof, by such recipient.

(4) This subsection shall not apply to compensation or payments made in connection with transactions subject to section 17 of this title [15 USCS § 80a–17], or rules, regulations, or orders thereunder, or to sales loans for the acquisition of any security issued by a registered investment company.

(5) Any action pursuant to this subsection may be brought only in an appropriate district court of the United States.

(6) No finding by a court with respect to a breach of fiduciary duty under this subsection shall be made a basis (A) for a finding of a violation of this title [11 USCS §§ 72, 107; 15 USCS §§ 80a–1 et seq.] for the purposes of sections 9 and 49 of this title [15 USCS §§ 80a–9, 80a–48], section 15 of the Securities Exchange Act of 1934 [15 USCS § 78o], or section 203 of title II of this Act [15 USCS § 80b–3], or (B) for an injunction to prohibit any person from serving in any of the capacities enumerated in subsection (a) of this section.

[(c)](d) For the purposes of subsections (a) [through (c)] of this section, the term "investment adviser" includes a corporate or other trustee performing the functions of an investment adviser.