[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is Defendants' Motion to Strike Jury Demand Plaintiffs' complaint requests a jury on two counts of breach of fiduciary duty and one count seeking equitable relief. Defendants contend that these issues are not appropriate for a jury because they are equitable in nature. Jurisdiction is pursuant to Super. R. Civ. P. 38.
 FACTS AND TRAVEL
Judith Grant, Carol Lincoln, Janice Leffingwell, and Joyce Hendricks (collectively Plaintiffs) are residuary beneficiaries of the Estate of Magda L. Burt. This Etate included 2,256 shares of Nyman Mfg. stock, a closely-held corporation in the business of manufacturing and selling disposable food containers. Defendants Robert B. Gates and Fleet National Bank f/k/a Rhode Island Hospital Trust National Bank are co-executors of the Burt Estate.
On November 6, 1995, Gates and Fleet sold the Estate's 2,256 shares to Nyman Mfg. for $145.36 per share. Plaintiffs allege that Gates and Fleet breached their fiduciary duty to the Estate's beneficiaries by failing to evaluate the adequacy of the offer made by the agents of Nyman Mfg. Plaintiffs also allege that Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson, as officers, directors, and shareholders of Nyman Mfg., owed a fiduciary duty toward the company's shareholders, including the Estate and beneficiaries thereof, and breached such duty by failing to make numerous disclosures and profiting at the expense of the shareholders.
On May 29, 2003, Plaintiffs instituted the instant action. The first count seeks money damages for the Defendants' — Robert C. Nyman, Kenneth J. Nyman, and Keith Johnson — breach of fiduciary duty. Count two requests all equitable relief available, including, but not limited to the imposition of a constructive trust, and disgorgement from the aforementioned defendants. Finally, count three seeks an award of monetary damages against Gates and Fleet for breach of fiduciary duty. Plaintiffs demand a trial by jury on all counts. Defendants Gates and Fleet now move this Court to strike the jury demand, arguing that the claims are equitable in nature and not subject to a jury trial.
 STANDARD OF REVIEW
Rule 38 provides that "any party may demand a trial by jury of any issue triable of right by a jury." Super. R. Civ. P. 38(b). The Rules of Civil Procedure prohibit splitting a cause of action into two actions, one for legal and the other for equitable relief; rather, "the fusion of all claims, whether legal or equitable, or even both, into a single action is required."Rowell v. Kaplan, 103 R.I. 60, 67, 235 A.2d 91, 95 (1967). "Although our modern rules of civil procedure merged law and equity and abolished their separate forms of action, historical distinctions between actions at law and suits in equity remain relevant `for the purpose of determining the right to a jury trial.'" Egidio DiPardo Sons, Inc. v. Lauzon, 708 A.2d 165,172 (R.I. 1998) (quoting Rowell, 103 R.I. at 67,235 A.2d at 96). Rule 38 "preserves inviolate the right of trial by jury as declared by the constitution and as given by statute, and it prescribes the procedures whereby such a trial may be had if the right to it exists." Rowell, 103 R.I. at 67, 235 A.2d at 96. Further, "it insures that issues which were formerly triable at law as of right to a jury are still triable in that fashion, and that those which under pre-rules procedures were considered equitable shall be triable by the court." Rowell,103 R.I. at 67-68, 235 A.2d at 96. Essentially, the rule "neither restricts nor enlarges the right to a jury trial as it previously existed."Id. at 68, 235 A.2d at 96. Thus, in assessing whether a cause of action merits a jury trial, this Court must determine whether the issues were triable to a jury or to the court before the adoption of the rules. Egidio DiPardo Sons, Inc.,708 A.2d at 171.
The pre-merger decision of Maryland Casualty Co. v. Sasso
acknowledges that parties to an equity cause have the right to a jury trial for law issues. 98 R.I. 483, 487, 204 A.2d 821, 823
(1964). "The Sasso rule of practice . . . requires the Superior Court to submit to a jury any claims that could have been litigated in an action at law in 1843, even if the court is also asked to provide equitable relief in the first instance and then permanently after a trial." Egidio DiPardo Sons, Inc v.Lauzon, 708 A.2d at 172. However, the Supreme Court has noted that the "Sasso rule, of course, is not applicable to a claim cognizable only in equity and not at law." Id. at 172, n. 8. "[A] claim of `breach of fiduciary duty' has long been recognized as an equitable cause of action, to which no right to jury trial attaches." Bogosian v. Woloohojian Realty Corp., 323 F.3d 55,61, n. 4 (1st Cir. 2003); see also In re Evangelist,760 F.2d 27, 29 (1st Cir. 1985); Olney v. Conanicut Land Co.,16 R.I. 597, 18 A. 181, 182 (R.I. 1889)). Accordingly, Plainitffs are not entitled to a jury trial on the breach of fiduciary duty claim because it is historically an equitable one.
Plaintiffs argue that they are entitled to a jury because they are seeking money damages, usually considered legal relief. "Although an action for money damages is `the traditional form of relief offered in the courts of law,' not every `award of monetary relief must necessarily be legal relief.'" Gallagher v.Wilton Enterprises, Inc., 962 F.2d 120, 123 (1st Cir. 1992) (quoting Curtis v. Loether, 415 U.S. 189, 195, 94 S.Ct. 1005,1009, 39 L.Ed.2d 260, 267 (1974)). For example, the traditional equity remedy for breach of fiduciary duty is the monetary remedy of an `accounting.' In re Evangelist, 760 F.2d at 29. "Like other remedies of restitution, that remedy requires one owing a fiduciary duty to pay to the beneficiary of that obligation — to `disgorge' — money taken in derogation of the duty." Id. at 29-30. While Plaintiffs may be entitled to a monetary remedy, the entitlement to that remedy does not necessarily require a trial by jury.
Plaintiffs further argue that the only issue before this Court is whether Plaintiffs' request for a jury trial on Count III should be stricken. However, Rule 39 provides that the trial shall be by jury, unless "the court upon motion or of itsown initiative finds that a right of trial by jury of some or all of those issues does not exist under the constitution or statutes of this state." Super. R. Civ. P. 39(a)(2) (emphasis added). Accordingly, this Court may decide sua sponte whether Plaintiffs are entitled to a jury trial on Counts I and II. Count I alleges breach of fiduciary duty, which, as discussed supra,
does not warrant a jury trial. Count II seeks equitable relief, namely the imposition of a constructive trust and disgorgement. These claims are undoubtedly equitable in nature. See Renaudv. Ewart, 712 A.2d 884, 885 (R.I. 1998) (imposition of constructive trust is an equitable remedy); In re Evangelist,760 F.2d at 29-30 (disgorging of profits is a form of equitable restitution).
 CONCLUSION
Plaintiffs' allegations of breach of fiduciary duty and request for equitable relief are equitable in nature and thus not triable by jury. Accordingly, Defendants' motion to strike jury demand is granted. Counsel shall prepare and present an appropriate order.