**David H. COGAN, suing individually, and as a common stockholder of Allied International Investing Corporation, Plaintiff,**

v.

**Frank B. JOHNSTON, Harry F. Tate, Samuel M. Kanarick, John R. Maher, Henry G. Hotchkiss, Ralph H. Everett, and Allied International Investing Corporation, Defendants.**

United States District Court
S. D. New York.
June 18, 1958.

Randolph J. Seifert, New York City, for plaintiff.

Lowenstein, Pitcher, Spence, Hotchkiss, Amann & Parr, New York City, for defendants Allied International and Johnston, Kanarick and Hotchkiss.

EDELSTEIN, District Judge.

The plaintiff, suing individually and as a common stockholder of Allied International Investing Corporation (Allied), has brought an action under the Investment Company Act of 1940, 15 U.S.C. §§ 80a–1 to 80a–52, 15 U.S.C.A. §§ 80a–1 to 80a–52. The corporate defendant and four of the individual defendants who are officers and directors of Allied, have moved to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that the plaintiff may not invoke the jurisdiction of this court under the Investment Company Act and on the further ground that the subject matter of the action is within the exclusive primary jurisdiction of the Securities and Exchange Commission.

In the first of two causes of action the complaint alleges that Allied is an investment company as defined by the Act, that the individual defendants, in pursuance of a conspiracy to circumvent the Act caused application to be made to the Securities and Exchange Commission for its deregistration, and that an order of deregistration was issued; that as an unregistered investment company it is in numerous ways violating the Act; and that the individual defendants are engaged in a continuing conspiracy to freeze out the public stockholders of Allied and its subsidiary Automatic Steel Products, Inc. and are accomplishing that end by transactions in violation of the Act. The second cause of action alleges that the individual defendants have caused Allied to violate the Act for their own interests, without regard to the interests and rights of the public stockholders, and that they have been guilty of gross abuse of trust as corporate officers and directors. The relief sought is an injunction against the continuing violations of the Act, an injunction against the individual defendants preventing them from continuing as officers and directors of Allied, the appointment of a receiver or trustee to enable Allied to comply with the Act, and such other relief as the court may deem proper. Jurisdiction for both causes of action is predicated on Section 44 of the Act, 15 U.S.C. § 80a–43, 15 U.S.C.A. § 80a–43, and for the second cause of action juris-

diction is also invoked under Section 36, 15 U.S.C. § 80a–35, 15 U.S.C.A. § 80a–35.

The defendants urge that the Investment Company Act makes no provision for suits by individuals, and that only the Securities and Exchange Commission is authorized to proceed in the district court to enforce liabilities or to enjoin violations under the Act. But in Breswick & Co. v. United States, D.C., 134 F. Supp. 132 and 138 F.Supp. 123, a three judge court clearly recognized that the district court had jurisdiction to enjoin a violation of the Investment Company Act and that a common stockholder who showed that the corporation was controlled by those he was attacking had standing to bring the action. It is true that the decision of that court was reversed by the Supreme Court in Alleghany Corp. v. Breswick & Co., 353 U.S. 151, 77 S.Ct. 763, 1 L.Ed.2d 726, but the reversal came on the basis of sustaining challenged orders of the Interstate Commerce Commission which had been held invalid by the lower court. There was no indication of error in the reasoning of the three judge court, in Judge Dimock's opinion, 134 F.Supp. at page 138, that "a stockholder, who seeks only that which Congress has provided for him as a matter of right" is entitled to sue. I am in agreement with this reasoning, see Brown v. Eastern States Corp., 4 Cir., 181 F.2d 26, 28; Breswick & Co. v. Briggs, D.C., 135 F.Supp. 397, nor has any authority to the contrary been cited or discovered. The discussion in the Supreme Court opinion of the "interest" and "standing" of common stockholders related to their standing to sue to set aside an administrative order of the Interstate Commerce Commission, and their interest as a basis for a right to a hearing in an administrative proceeding. In the case at bar there is neither direct nor collateral attack of any administrative order. The deregistration order is not attacked, for the complaint proceeds on the basis of violations by an unregistered investment company under Section 7, 15 U.S.C. § 80a–7, 15 U.S.C.A. § 80a–7. "Moreover no such remedy [to secure the relief sought] via the S.E.C. is provided by statute. See Goldstein v. Groesbeck, 2 Cir., 142 F.2d 422, 154 A.L.R. 1285." Breswick & Co. v. United States, supra, 134 F.Supp. at page 138. The commission has no power to deal administratively with violations of the Act by an unregistered investment company or its officers and directors, and must itself resort to the courts for enforcement.

■■ I conclude that jurisdiction is properly invoked under Section 44 of the Investment Company Act, which grants to the district court jurisdiction of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, the Act or the rules, regulations or orders thereunder. However, the second cause of action is also specifically predicated upon jurisdiction under Section 36. The plain language of that section authorizes the *Commission* to bring an action against an individual based upon gross abuse of trust in respect of any *registered* investment company for which such person serves as an officer or director. Whatever relief the plaintiff may be entitled to, he may not, as an *individual,* sue under this section on the basis of alleged abuse of trust by an officer or director of an *unregistered* investment company, to enjoin the officer or director from holding his office. However, the cause of action does allege conduct by the individual defendants in violation of the Investment Company Act and the court of equity is called upon for such relief as it may deem appropriate. It therefore does not appear to a certainty that the plaintiff is entitled to no relief under any state of facts which may be proved in support of his claim.

Accordingly, the motion to dismiss will be denied.