**M.J. WHITMAN & CO., INC. PENSION PLAN, Plaintiff,**

v.

**AMERICAN FINANCIAL ENTERPRISES, INC., et al., Defendants.**

**No. C–1–81–841.**

United States District Court, S.D. Ohio, W.D.

Dec. 8, 1982.

Gene Mesh, Cincinnati, Ohio, for plaintiff.

Louis F. Gilligan, Cincinnati, Ohio, for defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CARL B. RUBIN, Chief Judge.

This matter is before the Court upon defendants' Motion for Summary Judgment, plaintiff's memorandum contra the Motion, and defendants' reply memorandum.[1] Although defendants raise three separate grounds in support of their Motion, we find it necessary to address only the first.

Plaintiff brought this derivative action under the Investment Company Act of 1940, 15 U.S.C. § 80a–1 *et seq.* (ICA). The single count Complaint alleges that defendant, American Financial Enterprises, Inc., (AFEI) is an "investment company" under the Act and has failed to register as such with the Securities & Exchange Commission (SEC). Plaintiff contends that defendant has therefore violated Section 7(a) of the Act, which prohibits an unregistered investment company from purchasing or selling any securities and from engaging in any business in interstate commerce. Plaintiff asserts that it has been injured as a result of AFEI's failure to register, first, in the form of certain fees AFEI paid to defendant American Financial Corporation (AFC), AFEI's majority shareholder, and second, by AFEI's failure to comply with a provision of the ICA which requires that 40% of an investment company's directors be independent. This Court's jurisdiction was specifically invoked under 15 U.S.C. §§ 80a–3(a)(1) and (3), 80a–7(a) and 80a–43.

Defendants' Motion for Summary Judgment raises three grounds in support of dismissal. Defendant first claims that there is no private right of action under the ICA to compel registration with the SEC as an investment company. Because we find this assertion meritorious, we need not address the remaining grounds for defendants' Motion.[2]

---

1. On April 1, 1982, the Court advised the parties that defendants' Motion to Dismiss filed November 4, 1981, would be treated as a Motion for Summary Judgment. Additionally, the Court afforded the parties the opportunity to present additional evidence outside of the pleadings, and to submit additional memoranda. In particular, the parties were directed to address the applicability of the exemption contained in 15 U.S.C. § 80a–6(a)(3).

2. Defendants also contend that plaintiff failed to satisfy Rule 23.1 of the Civil Rules by making a demand upon AFEI's Board of Directors. Finally, defendants claim that AFEI is exempted from registration by 15 U.S.C. § 80a–6(a)(3).

Both parties agree that the ICA contains no express civil remedy in favor of a shareholder of an investment company which has failed to register under the Act. Of the statutory provisions upon which plaintiff has founded jurisdiction, Section 3(a) contains a definition of investment company, Section 7(a) prohibits unregistered investment companies from engaging in certain transactions, and Section 43 gives the district courts concurrent jurisdiction over "all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of [the Act]." In the absence of express statutory authorization of a private right of action, we must therefore determine whether an implied right of action exists under these particular provisions of the ICA.[3]

The Supreme Court has clearly stated that the focal point in such an inquiry must be the intent of Congress. *Merrill Lynch, Pierce, Fenner & Smith v. Curran,* —— U.S. ——, ——, 102 S.Ct. 1825, 1839, 72 L.Ed.2d 182 (1982); *Texas Industries, Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 639, 101 S.Ct. 2061, 2066, 68 L.Ed.2d 500 (1981); *Trans-America Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979). Although it is the express intention of the ICA to protect the interests of shareholders in investment companies, 15 U.S.C. § 80a–1, the Supreme Court has indicated that whether Congress intends protection of these interests to be enforced by private litigation, is a separate and distinct question. *TransAmerica Mortgage Advisors v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979).

The language of the statute is of minimal assistance to the plaintiff in this case. The general enforcement provision of the ICA, 15 U.S.C. § 80a–41, authorizes the *SEC* to investigate violations of the ICA or rules promulgated thereunder, and to bring an action to enjoin any violation of the ICA.[4] The Supreme Court has recognized that "where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Trans-America, supra* at 19, 100 S.Ct. at 247.

There are two sections of the ICA which specifically provide for a private right of action. Section 36 of the Act, 15 U.S.C. § 80–35(b) was amended in 1970 to expressly permit a security holder of an investment company to sue the company's investment advisor on behalf of the investment company for breach of fiduciary duty. Also, Section 80a–29(f) subjects affiliates of an investment company to the same duties and liabilities which are imposed on corporate issuers under Section 16 of the Securities Exchange Act of 1934, 15 U.S.C. § 78p, and therefore incorporates Section 16's express private right of action to recover such "short swing" profits. These provisions are evidence that Congress is and was capable of expressly authorizing a private remedy under the ICA when it has chosen to do so. *Touche Ross & Co. v. Redington,* 442 U.S. 560, 572, 99 S.Ct. 2479, 2487, 61 L.Ed.2d 82 (1979); *TransAmerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 21, 100 S.Ct. 242, 247, 62 L.Ed.2d 146 (1979).

The legislative history also offers little guidance on the question before us. The scant references in the legislative history to

---

**3.** Although plaintiff claims to have been damaged by the payment of certain fees to AFC by AFEI, plaintiff has not alleged a violation of 15 U.S.C. § 80a–35, which establishes a fiduciary duty on the part of an investment company's financial advisor, and specifically provides for a private right of action, or any other substantive provision of the ICA.

**4.** 15 U.S.C. § 80a–41(e) provides in pertinent part:

"Whenever it shall appear to the *Commission* that any person has engaged in or is about to engage in any act or practice constituting a violation of any provision of this subchapter,

or of any rule, regulation, or order hereinunder, it may in its discretion bring an action in the proper district court of the United States, . . . to enjoin such acts or practices and to enforce compliance with this subchapter or any rule, regulation, or order hereinunder . . . in any proceeding under this subsection to enforce compliance with Section 80a–7 of this Title, the Court as a court of equity may, to the extent it deems necessary or appropriate, take exclusive jurisdiction and possession of the investment company's . . . books, records, and assets . . ." (emphasis added).

enforcement of the Act are illustrated by the following statement in the Senate report accompanying the Act's passage in 1940:

"*Administrative and Enforcement Machinery.* The Bill contains ample provisions, but appropriately circumscribed, for the enforcement of its provisions; for the carrying out of the powers and duties vested in the Commission; and for court review of the Commission's action." S.Rep. No. 1775, 76th Cong., 3rd Sess. 20. See also H.Rep. No. 2639, 76th Cong., 3rd Sess. 12–14, 25.

As plaintiff contends, however, it is true that when an implied private remedy has been extensively recognized by the courts and Congress has acted within the statutory context in the interim, the inquiry as to Congress' intent is somewhat different. As the Supreme Court recently stated: "Congress need not have intended to create a new remedy, since one already existed; the question is whether Congress intended to preserve the preexisting remedy." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran,* —— U.S. ——, ——, 102 S.Ct. 1825, 1839, 72 L.Ed.2d 182 (1982).

Plaintiff contends that a private right of action to require registration of an investment company is well established by the case law. Specifically, plaintiff relies upon the cases of *Cogan v. Johnston,* 162 F.Supp. 907 (S.D.N.Y.1958); *Brown v. Bullock,* 194 F.Supp. 207, aff'd 294 F.2d 415 (2nd Cir. 1961); and *Breswick v. United States,* 134 F.Supp. 132 and 138, F.Supp. 123 (S.D.N.Y. 1955), *rev'd on other grounds* sub. nom. *Alleghany Corp. v. Breswick & Co.,* 353 U.S. 151, 77 S.Ct. 763, 1 L.Ed.2d 726 (1957). The following cases also either expressly or impliedly recognized a private right of action

under the Investment Company Act: *Moses v. Burgin,* 445 F.2d 369, 373 (1st Cir.1971), *Esplin v. Hirschi,* 402 F.2d 94, 103 (10th Cir.1968), *Herpich v. Wallace,* 430 F.2d 792, 815 (5th Cir.1970) and *Taussig v. Wellington Fund,* 313 F.2d 472, 476 (3rd Cir.1963). Only one case, *Brouk v. Managed Funds, Inc.,* 286 F.2d 901 (8th Cir.1961), declined to imply a private right of action, and that case was later implicitly overruled in *Greater Iowa Corp. v. Mclendon,* 378 F.2d 783, 793 (8th Cir.1967).

All of these cases, however, were decided prior to the Supreme Court's decision in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), wherein the Court contracted substantially the implication doctrine.[5] We can find no federal decisions since *Cort v. Ash, supra,* which have addressed the question. In fact, in *Burks v. Lasker,* 441 U.S. 471, 476, 99 S.Ct. 1831, 1836, 60 L.Ed.2d 404 (1979), a case brought under the ICA and the Investment Advisors Act (IAA), the Court "assumed without deciding" that the plaintiffs in that case had an implied derivative cause of action under the ICA and the IAA.

Although we may accept the proposition that courts confronted with the question have generally recognized a private right of action under the ICA, we note that the number of cases in which private litigants have sued to compel registration under the Act are relatively few. The assumption that Congress is and was aware of the present state of the law, i.e. that courts have consistently and routinely implied a private right of action under a particular statute, is of less force when the statute has been utilized infrequently by private litigants. Cf. *Merrill Lynch, Pierce, Fenner & Smith v. Curran, supra,* (implied private

---

5. In *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975), the Supreme Court outlined the following factors to be considered in determining whether a private remedy is implicit in a statute: (1) whether plaintiff is one of the class for whose especial benefit the statute was enacted; (2) evidence of explicit or implicit legislative intent to create or deny a private remedy; (3) whether implication is consistent with the underlying purposes of the legislative scheme; and (4) whether the cause

of action is one which has been traditionally relegated to state law. In recent cases, the Supreme Court has qualified the *Cort v. Ash* test to focus primarily upon the intent of Congress. *Texas Industries, Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 639, 101 S.Ct. 2061, 2066, 68 L.Ed.2d 500 (1981); *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n.,* 453 U.S. 1, 13, 101 S.Ct. 2615, 2622, 69 L.Ed.2d 435 (1981).

right of action under Commodities Exchange Act); *Cannon v. University of Chicago,* 441 U.S. 677, 702–03, 99 S.Ct. 1946, 1960–61, 60 L.Ed.2d 560 (implied private right of action under Title IX); *Superintendent of Insurance v. Bankers Life & Casualty Co.,* 404 U.S. 6, 13 n. 9, 92 S.Ct. 165, 169 n. 9, 30 L.Ed.2d 128 (1971) (implied private right of action under Section 10b of Securities Exchange Act and Rule 10b–5). Nevertheless, we turn to evidence of legislative intent surrounding Congress' amendment of the ICA in 1970 to determine whether Congress either expressly or by implication intended to preserve the private remedy previously recognized by the courts.

The ICA was comprehensively amended in 1970. In addition to amendments in two substantive areas of the ICA, the bill contained various amendments to the ICA and Investment Advisors Act designated to "facilitate, update and improve the administration and enforcement" of the Acts. S.Rep. 91–184, reprinted in [1970] U.S.Code Cong. & Adm.News 4897, 4898. We can find no reference in the legislative history which acknowledges expressly or impliedly a private cause of action under the ICA. The only evidence plaintiffs offered in this regard is a letter from SEC Commissioner Owens to Senator Sparkman, Chairman of the Senate Committee on Banking and Currency, which referred to the courts' general recognition of private rights of action under the ICA, in setting forth the context of the proposed legislation. Hearings of Senate Committee on Banking and Currency, 91st Cong., 1st Sess., 1–2 (April 15, 1969).

The 1970 amendments did, however, specifically provide for a private right of action for damages by shareholders suing on behalf of the investment company for a breach of fiduciary duty by the company's investment advisor with respect to the receipt of compensation.[6] In this regard, the Senate Report stated:

"Section 36(b) [15 U.S.C. § 80a–35(b)] authorizes the Commission and also a shareholder acting on behalf of the fund to institute an equitable action involving a claim of breach of fiduciary duty. The section makes it explicit that the Commission or any other plaintiff has the burden of proving to the satisfaction of the court that the defendant has committed a breach of fiduciary duty."

Section 80a–35(a), on the other hand, authorizes the Commission to bring an action for injunctive relief against a person acting in certain capacities (officer, director, advisor, principal underwriter) with respect to an investment company, which has engaged in or is about to engage in an act which constitutes a breach of fiduciary duty. There is no private right of action included in Subsection (a). This provision was part of the original ICA.[7]

The Senate Report made the following statement with regard to Subsections (a) and (b) and the express provision for a private right of action in the latter:

"Although section 36(b) [15 U.S.C. 80a–35(b)] provides for an equitable action for breach of fiduciary duty as does section 36(a), [15 U.S.C. § 80a–35(a)], the fact that subsection (b) specifically provides for a private right of action should not be read by implication to affect subsection (a). Similarly, the fact that subsection (b) specifically places the burden of proof on the plaintiff does not mean that the normal rules of evidence which ordinarily place the burden of proof on a

**6.** Section 80a–35(b) provided in pertinent part:

"(b) For the purposes of this subsection, the investment advisor of a registered investment company shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services, or payments of a material nature, paid by such registered investment company, ... An action may be brought under this Subsection by the Commission, *or by a security holder* of such registered investment company on behalf of such company, against such investment advisor, or any other person enumerated in subsection (a) of this Section who has a fiduciary duty concerning such compensation or payments, for breach of fiduciary duty in respect of such compensation or payments paid by such registered investment company..."

**7.** Although the 1970 amendment to the ICA changed certain language in subsection (a), the substantive focus remained the same.

**22**

plaintiff would not apply to subsection (a)." S.Rep. No. 91–184, *supra* at 4911.

Contrary to plaintiff's argument that Congress "was clearly aware of and tacitly relied upon" prior courts' recognition of private rights of action under the ICA when it amended the Act in 1970, we can only draw the opposite inference from Congress' actions. If Congress affirmatively intended to preserve an existing private remedy, there are two logical courses of action which it could have taken. First, Congress could have simply omitted any specific provision for a private right of action under Subsection 36(b), reasoning that such a right was already clearly recognized by the courts. Alternatively, we would expect some reference in the legislative history approving implication of a private right of action under the ICA, and explaining the inclusion of such in Subsection (b) as merely evidencing explicit Congressional approval of a private cause of action in this instance. In this case, Congress elected neither of the above courses of action. Rather, Congress simply added an express private right of action under a single section of the ICA, stated that it should not be considered as affecting another subsection of the statute, and made no reference whatsoever to prior judicial implication under the ICA generally.

Accordingly, we find that the situation at bar is substantially different from that in *Merrill Lynch, Pierce, Fenner & Smith v. Curran, supra,* where the Supreme Court found the inference that Congress intended to preserve the pre-existing remedy "compelling." *Id.* —— U.S. at ——, 102 S.Ct. at 1842–44. Although it is readily admitted that plaintiff meets the "especial benefit" of *Cort v. Ash, supra,* and that the states have had no traditional role in providing relief in this area, we find no evidence of Congressional intent to create a private right of action in either the legislative history or the overall statutory scheme. 15 U.S.C. § 41 clearly contemplates enforcement of the Act by the Commission, and specific reference in that section is made to actions alleging violations of Section 7 of the Act. We also note that the statute

authorizes the SEC to exempt persons from the Act's coverage, to the extent it is "necessary or appropriate in the public interest and consistent with the protection of investors and the purposes fairly intended by the policy and provisions" of the Act. 15 U.S.C. § 80a–6(c). In the absence of any evidence that Congress intended a private right of action to supplement this enforcement scheme, we decline to imply a private right of action to compel registration under the ICA. Accordingly, defendants' Motion for Summary Judgment is hereby GRANTED.

IT IS SO ORDERED.